**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EVOLVED WIRELESS, LLC,    )<br><br>          Plaintiff,    )<br><br>       v.    )<br><br>APPLE INC.,    )<br><br>          Defendant.    ) | C.A. No. 15–542–SLR–SRF<br><br>**JURY TRIAL DEMANDED** |

**OPENING BRIEF IN SUPPORT OF EVOLVED WIRELESS, LLC'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO**
**FED. R. CIV. P. 12(c) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f).**

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Christopher K. Larus (admitted *pro hac vice*)
Ryan M. Schultz (admitted *pro hac vice*)
Andrew D. Hedden (admitted *pro hac vice*)
Benjamen C. Linden (admitted *pro hac vice*)
Ryan E. Dornberger (admitted *pro hac vice*)
Anthony F. Schlehuber (admitted *pro hac vice*)
Robins Kaplan LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
clarus@robinskaplan.com
rschultz@robinskaplan.com
ahedden@robinskaplan.com
blinden@robinskaplan.com
rdornberger@robinskaplan.com
aschlehuber@robinskaplan.com

Dated: March 3, 2016

Andrea L. Gothing (admitted *pro hac vice*)
Robins Kaplan LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
agothing@robinskaplan.com

**Counsel For Plaintiff Evolved Wireless, LLC**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... ii

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

II.   SUMMARY OF THE ARGUMENT ................................................................. 1

III.  STATEMENT OF THE FACTS ....................................................................... 3

IV.   ARGUMENT .................................................................................................... 4

    A.   Evolved Wireless Is Entitled to Judgment on the Pleadings for Apple's
        Eleventh Counterclaim ............................................................................ 4

        i.    Apple Has Pled No Facts to Support Its Allegation That Evolved
            Wireless's License Offer Was Not Compliant With FRAND. ................. 5

        ii.   Apple Alleges No Facts to Support Its Allegation That Evolved
            Had a Duty to License Component Manufacturers ..................................... 6

    B.   Apple's Affirmative Defenses Four, Five, Six, and Seven Are Not Valid
        Affirmative Defenses to Patent Infringement. ........................................ 7

        i.    Apple's Fourth Affirmative Defense of Breach of FRAND
            Obligation Is Not a Valid Defense to Evolved Wireless's Claim of
            Patent Infringement ................................................................................ 8

        ii.   Apple's Fifth Affirmative Defense of Waiver Through Untimely
            Disclosure to ETSI Is Not a Valid Defense to Evolved Wireless's
            Claim of Patent Infringement .................................................................. 11

        iii.  Apple's Sixth Affirmative Defense of Unenforceability Is Not a
            Valid Defense to Evolved Wireless's Claim of Patent
            Infringement ........................................................................................... 12

        iv.   Apple's Seventh Affirmative Defense of License Is Not a Valid
            Defense to Evolved Wireless's Claim of Patent Infringement ................. 13

V.    CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aptix Corp. v. Quickturn Design Sys., Inc.*,
    269 F.3d 1369 (Fed. Cir. 2001)......................................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................... *passim*

*Cadence Pharm., Inc. v. Paddock Labs., Inc.*,
    No. 11-733-LPS, 2012 U.S. Dist. LEXIS 142585 (D. Del. Oct. 1, 2012)................8

*Del. Health Care, Inc. v. MCD Holding Co.*,
    893 F. Supp. 1279 (D. Del. 1995)......................................................................7

*Edwards v. A.H. Cornell & Son, Inc.*,
    610 F.3d 217 (3d Cir. 2010)..............................................................................4

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009)...........................................................................4, 5

*Gaudiosi v. Mellon*,
    269 F.2d 873 (3d Cir. 1959)............................................................................11

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
    398 F. Supp. 2d 305 (D. Del. 2005)................................................................11

*Idenix Pharms., Inc. v. Gilead Scis., Inc.*,
    No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789 (D. Del. Aug. 25, 2014)...........4

*In re Sterten*,
    546 F.3d 278 (3rd. Cir. 2008) ...........................................................................7

*Intellectual Ventures I LLC v. Symantec Corp.*,
    C.A. No. 13-440-LPS, 2014 U.S. Dist. LEXIS 134255 (D. Del. Sept. 24,
    2014) ...............................................................................................8, 10

*Internet Media Corp. v. Hearst Newspapers, LLC*,
    Civ. No. 10-690, 2012 U.S. Dist. LEXIS 126788 (D. Del. Sept. 6, 2012)...............8

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
    C.A. No. 09-80-LPS, 2015 U.S. Dist. LEXIS 64462 (D. Del. May 18, 2015).........10, 11

*Microsoft Corp. v. Motorola, Inc.*,
   795 F.3d 1024 (9th Cir. 2015) ................................................................8

*Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*,
   28 F.3d 376 (3rd Cir. 1994) ....................................................................7

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   134 S. Ct. 1962 (2014)..............................................................................9

*Revell v. Port Auth.*,
   598 F.3d 128 (3rd Cir. 2010) ...................................................................4

*Sun Microsystems, Inc. v. Versata Enters., Inc.*,
   630 F. Supp. 2d 395 (D. Del. 2009).........................................................8

*Va. Panel Corp. v. MAC Panel Co.*,
   133 F.3d 860 (Fed. Cir. 1997)................................................................10

*Wehrman v. Conklin*,
   155 U.S. 314, 15 S. Ct. 129, 39 L. Ed. 167 (1894)..................................9

**Statutes**

28 U.S.C. § 1338(a) ........................................................................................9

**Rules**

Fed. R. Civ. P. 12(b)(6).................................................................................4

Fed. R. Civ. P. 12(f)...................................................................................2, 7

Fed. R. Civ. P. 12(h)(2)(B) ............................................................................4

Fed. R. Civ. P. 26(a)(1)..................................................................................1

Plaintiff Evolved Wireless, LLC ("Evolved Wireless") submits this opening brief in support of its Motion for Judgment on the Pleadings as to Defendant Apple, Inc.'s ("Apple") eleventh counterclaim for breach of contract, and its Motion to Strike as to Apple's fourth affirmative defense for breach of FRAND obligation, fifth affirmative defense of waiver through untimely disclosure to ETSI, sixth affirmative defense of unenforceability, and seventh affirmative defense of license.

## I.   <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

Evolved Wireless filed a complaint for patent infringement on June 25, 2015. D.I. 1. Apple answered, denying infringement and asserting numerous affirmative defenses and counterclaims. D.I. 9. On November 11, 2015, Apple and Evolved Wireless served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). D.I. 17 and 18. Evolved Wireless subsequently disclosed its asserted patents, asserted claims, and accused products on November 13, 2015 and December 14, 2015. D.I. 19 and 20. Apple then disclosed some of its core technical documents on January 14, 2016. D.I. 23. Finally, Evolved Wireless disclosed its initial infringement contentions on February 12, 2016. D.I. 25. Additional fact discovery is ongoing.

## II.   <u>SUMMARY OF THE ARGUMENT</u>

1.      The Court should enter a judgment on the pleadings as to both bases of Apple's eleventh counterclaim for breach of contract. Apple's counterclaim alleges (1) Evolved Wireless breached its FRAND obligation by offering a license on purportedly "manifestly unreasonable terms," and (2) Evolved Wireless was obligated to offer a license to a component manufacture. *Iqbal* and *Twombly* required Apple to plead sufficient facts to render its counterclaim at least plausible. Yet, as to Apple's first basis, Apple relied on mere conclusory allegations and did not allege any facts to plausibly support its claim that Evolved Wireless's terms were unfair. And

Apple's second basis lacks any factual or legal support. As such, the Court should grant Evolved

Wireless's Motion for Judgment on the Pleadings as to Apple's eleventh counterclaim.

      2.      Apple's fourth, fifth, sixth, and seventh affirmative defenses should be stricken

under Fed. R. Civ. P. 12(f) because the defenses are not a defense to patent infringement and,

under applicable Third Circuit law, are not properly asserted as an affirmative defense.

      As to Apple's fourth and fifth affirmative defenses for breach of FRAND obligations and

waiver through untimely disclosure to ETSI, any FRAND obligation between ETSI and LG or

Evolved Wireless is grounded in contract law and is not a bar to Evolved Wireless's right to

recover for patent infringement. Therefore, the defenses were improperly pled as an affirmative

defense and should have been pled as a counterclaim subject to the requirements of *Iqbal* and

*Twombly*. In addition, Apple's defenses based on estoppel, patent misuse, and unclean hands

have no basis in law for fact. Further, no law or facts support Apple's conclusion that any alleged

untimely disclosure renders the Patents-in-Suit unenforceable. Apple's fourth and fifth

affirmative defenses should therefore be stricken.

      Apple's sixth affirmative defense for unenforceability is similarly deficient. The defense

involves an alleged question of contract law and is not a bar to Evolved Wireless's right to

recover for patent infringement. The defense should have been pled as a counterclaim subject to

*Iqbal* and *Twombly*. Further, no law or facts support Apple's assertion that some undefined

"standards-setting misconduct" renders the Patents-in-Suit unenforceable. As such, this

affirmative defense should be stricken.

      Apple's seventh affirmative defense of license should also be stricken. As with Apple's

fourth, fifth, and sixth affirmative defenses, it is grounded in contract law, is not a bar to Evolved

Wireless's right to recover for patent infringement, and therefore should have been pled as a

counterclaim subject to the requirements of *Iqbal* and *Twombly*. Moreover, Apple is bound by its

admission in its Answer that it does not have a license to the Patents-in-Suit. As such, Apple's

affirmative defense for a license it admits it does not have has no basis in fact or law and the

defense should be stricken.

## III.   **STATEMENT OF THE FACTS**

The Third Generation Partnership Project ("3GPP") develops standards for globally-

applicable commercial cellular systems. D.I. 9 at 2, ¶ 7. The Organizational Partners of 3GPP are

major telecommunications standards developing organizations from around the world, including

the European Telecommunications Standards Institute ("ETSI"). *Id.* Companies participate in

3GPP via their membership in one of the Organizational Partners. *Id.* at 21, ¶ 14. LG Electronics

("LG") was one of those participants. *Id.*

3GPP participants must abide by the intellectual property rights ("IPR") policy of the

Organizational Partners to which they belong. *Id.* at 3, ¶ 12. These IPR policies, such as the ETSI

IPR policy, are intended to strike "a balance between the needs of standardization for public use

in the field of telecommunications and the rights of the owners of IPRs."[1] D.I. 1, ¶ 12 "IPR

holders whether members of ETSI and their AFFILIATES or third parties, should be adequately

and fairly rewarded for the use of their IPRs in the implementation of STANARDS and

TECHNICAL SPECIFICATIONS."[2] *Id.* The IPR policy further requires that its members "grant

irrevocable licenses on fair, reasonable and non-discriminatory ('FRAND') terms and

conditions." D.I. 9 at 23, ¶ 20.

---

[1] *See* ETSI Rules of Procedure, Annex 6: ETSI Intellectual Property Rights Policy § 3.1 (2014), available at http://www.etsi.org/images/files/IPR/etsi-ipr-policy.pdf.

[2] *See supra* note 1 § 3.2.

LG participates in the 3GPP's Long Term Evolution ("LTE") standard setting process. *Id.* at 2, ¶ 7. As part of this process, LG designated the Patents-in-Suit as standard essential, pursuant to ETSI's IPR policy, and agreed to license the Patents-in-Suit on FRAND terms. *Id.* at 23–24, ¶¶ 21–22. Evolved Wireless currently owns, through assignments originating with LG, the Patents-in-Suit: United States Patent Nos. 7,746,916, 7,768,965, 7,809,373, 7,881,236, and 8,218,481. D.I. 1 ¶¶ 27, 34, 41, 48, 52.

Apple manufactures devices capable of functioning on LTE networks and Apple informs its customers that its devices are capable of functioning on LTE networks. D.I. 9 at 10, ¶ 62. Prior to filing the complaint, Evolved Wireless proposed licensing terms to Apple for the LTE standard-essential Patents-in-Suit. *Id.* at 25, ¶ 29. Apple has not entered into an express license agreement with Evolved Wireless for the Patents-in-Suit. *Id.* at 11, ¶ 66.

## IV.    ARGUMENT

### A. Evolved Wireless Is Entitled to Judgment on the Pleadings for Apple's Eleventh Counterclaim

This Court should grant a motion for judgment on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 12(h)(2)(B). "[C]ourts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint." *Idenix Pharms., Inc. v. Gilead Scis., Inc.*, No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789, at *18 (D. Del. Aug. 25, 2014). "A motion for judgment on the pleadings . . . is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth.*, 598 F.3d 128, 134 (3rd Cir. 2010) (citation omitted).

The Third Circuit requires a two-part analysis when reviewing a claim under Rule 12(b)(6). *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v.*

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, the court should determine whether the remaining well-pled facts sufficiently show that the claimant "has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Apple's eleventh counterclaim fails to provide the "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "Where a complaint pleads facts that are 'merely consistent with' . . . liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

Apple asserts two bases for its counterclaim: (1) Evolved Wireless failed to offer a license on FRAND terms, and (2) Evolved Wireless was obligated to offer a license to a component manufacturer. Apple has not pled sufficient facts and has failed to meet its burden under *Iqbal* and *Twombly* as to both of these bases.

i.   **Apple Has Pled No Facts to Support Its Allegation That Evolved Wireless's License Offer Was Not Compliant With FRAND.**

Apple concludes that Evolved Wireless violated its FRAND commitments by offering a license on "manifestly unreasonable terms." D.I. 9 at ¶ 64. Yet, Apple fails to plead any facts to support its asserted conclusion that Evolved Wireless's proposed licensing terms violated Evolved Wireless's FRAND commitment or to support its conclusion that the terms were "manifestly unreasonable."

It is undisputed that on February 4, 2015, Evolved Wireless made a license offer to Apple of "a royalty of 25 cents per end user device." D.I. 9 at ¶ 29. Apple then states that this royalty rate was higher than it believed was justified and that Evolved Wireless, therefore, violated its FRAND obligations. *Id.* Yet, Apple provides no information or facts to demonstrate how this offer was "manifestly unreasonable," much less a breach of Evolved Wireless's FRAND obligations. *Id.* at ¶ 64. Most notably, Apple fails to allege what a reasonable rate would be; instead, Apple only provides the conclusory statement that the rate was too high. Apple's naked assertion is insufficient to create more than a mere "possibility" of Apple's claims, and Apple has not pled facts to show its claims are plausible as required by *Iqbal*. 556 U.S. at 678.

Disregarding the unsubstantiated and unsupported conclusion that Evolved Wireless breached its FRAND obligations and considering only the facts, the alleged facts in the counterclaim are insufficient to demonstrate that Apple is plausibly entitled to relief. As such, Evolved Wireless is entitled to judgment on the pleadings as to Apple's eleventh counterclaim.

ii.   **Apple Alleges No Facts to Support Its Allegation That Evolved Had a Duty to License Component Manufacturers**

Apple provides no legal or factual support for its allegation that Evolved Wireless breached its FRAND commitment by failing to offer component manufacturers a license. As Apple admits, Clause 6.1 of ETSI's IPR Policy requires that Evolved Wireless be "prepared to grant irrevocable licenses on fair, reasonable and non-discriminatory ('FRAND') terms and conditions." D.I. 9 at 23, ¶ 20. There is no requirement that Evolved Wireless offer licenses to suppliers or manufacturers before offering a license to Apple, and Apple alleges no such requirement. Therefore, there is no factual support for Apple's claim that such a duty exists.

Likewise, there is no legal authority for such claim. Indeed, Apple did not cite or reference any court decision or statute that places such an obligation on Evolved, nor has

Evolved Wireless found any such authority. Thus, as a matter of law, Apple's counterclaim has no legal basis. This Court, therefore, should grant Evolved Wireless's Motion for Judgment on the Pleadings as to Apple's Eleventh Counterclaim.

**B. Apple's Affirmative Defenses Four, Five, Six, and Seven Are Not Valid Affirmative Defenses to Patent Infringement.**

The Court should "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291–92 (D. Del. 1995) (citation omitted).

An affirmative defense is "'a bar to the right of recovery even if the general complaint were more or less admitted to.'" *In re Sterten*, 546 F.3d 278, 284 (3rd. Cir. 2008) (citation and internal quotation marks omitted); *see also Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 393 (3rd Cir. 1994) (defining an affirmative defense as follows: "In pleading, matter asserted by defendant which, assuming the complaint to be true, constitutes a defense to it. A response to a plaintiff's claim which attacks the plaintiff's [legal] right to bring an action, as opposed to attacking the truth of claim.") (quoting Black's Law Dictionary 60 (6th ed. 1990)).

Apple's fourth, fifth, sixth, and seventh affirmative defenses are based in contract law and, even if true, would not bar Evolved Wireless's patent infringement claim. In other words, if the general complaint of patent infringement was admitted to by Apple, an alleged breach of contract by Evolved Wireless would not bar the right of recovery. Therefore, they do not present valid and legal affirmative defenses to Evolved Wireless's claims of patent infringement. The Court should strike these immaterial defenses under Rule 12(f).

In addition, even for allegations that are properly pled as an affirmative defense, while that defense need not meet the pleading standards of *Twombly* or *Iqbal*, the defense must present some disputed question of fact or law. *See Intellectual Ventures I LLC v. Symantec Corp.*, C.A. No. 13-440-LPS, 2014 U.S. Dist. LEXIS 134255, at *4 (D. Del. Sept. 24, 2014) (citing *Cadence Pharm., Inc. v. Paddock Labs., Inc.*, No. 11-733-LPS, 2012 U.S. Dist. LEXIS 142585, at *1 (D. Del. Oct. 1, 2012)). Apple's affirmative defenses do not present any factual or legal disputes. As such, they should be stricken.

Finally, the affirmative defenses only include Apple's unsupported conclusions. "A court is not required to accept affirmative defenses that are mere 'bare bones conclusory allegations,' and may strike such inadequately pleaded defenses." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 408 (D. Del. 2009) (citation omitted). An affirmative defense must provide fair notice of the issue involved. *Internet Media Corp. v. Hearst Newspapers, LLC*, Civ. No. 10-690, 2012 U.S. Dist. LEXIS 126788, at *7 (D. Del. Sept. 6, 2012). Apple's affirmative defenses do not offer anything more than bare bone conclusions and they do not meet these minimum pleading requirements. For this additional reason, they should be stricken.

i. **Apple's Fourth Affirmative Defense of Breach of FRAND Obligation Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement.**

Apple's fourth affirmative defense for breach of FRAND obligations is not a defense to a claim of patent infringement. As Apple admits, the "FRAND commitments imposed ongoing *contractual obligations* on the Patents-in-Suit that are binding on LGE's successors-in interest to the Patents-in-Suit, including Evolved." D.I. 9 at 15 (emphasis added). The enforcement of patent rights is an entirely different and unrelated issue to any contactual licensing obligations. Indeed, even if Apple is a beneficiary of LG's contract with ETSI, contract law and patent law do not merge. *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1035 (9th Cir. 2015)

(concluding that Microsoft's breach of FRAND counterclaim "is not one 'arising under any Act of Congress relating to patents,' 28 U.S.C. § 1338(a), but rather sounds in contract and involves the district court's diversity jurisdiction") (citation omitted). An alleged breach of a contractual FRAND obligation is not a defense to patent infringement as it would not remove Apple's liability for patent infringement. Rather, it must be pled as a counterclaim subject to the pleading requirements of *Iqbal* and *Twombly*.[3]

Likewise, Apple's allegation that Evolved Wireless allegedly breached its FRAND obligation for failing to offer a license to manufacturers or suppliers of the components used by Apple is not a defense to patent infringement. As explained above, Evolved Wireless has no obligation to offer licenses to suppliers or manufacturers before offering a license to Apple. Thus, this claim plays no role in Evolved Wireless's patent infringement claims against Apple, and certainly is not a basis for any defense to patent infringement.

Additionally, Apple provides no support for its allegation that an alleged contract violation results in estoppel. "The gravamen of estoppel, a defense long recognized as available in actions at law, is misleading and consequent loss." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1977 (2014) (citing *Wehrman v. Conklin*, 155 U.S. 314, 327, 15 S. Ct. 129, 39 L. Ed. 167 (1894)). Apple did not plead any misleading conduct by LG or Evolved Wireless. Indeed, Apple admits that LG committed to offering licenses for its patents on FRAND terms and Evolved Wireless offered to negotiate a license on FRAND terms. D.I. 9 at 23, ¶ 21; *id.* at 25, ¶ 29. Further, even if there was misleading conduct, there is no indication of consequent loss. Apple refused to negotiate a license from Evolved Wireless on any terms. Thus, Apple would be

---

[3] Indeed, Apple did plead this exact claim as its eleventh counterclaim. D.I. 9 ¶¶ 61–66. As discussed above, Apple failed to properly plead sufficient facts to show it is entitled to relief on that counterclaim.

in its current position regardless of whether previous conduct was misleading. Neither factor of estoppel is present. As such, the affirmative defense should be stricken.

Apple concludes the allegations in its fourth affirmative defense by stating: "Additionally, Evolved's failure to comply with its FRAND obligations constitutes patent misuse and unclean hands, which preclude Evolved from obtaining relief in this action." D.I. 9 at 16. Because these allegations are not based in law or fact, they should be stricken. *See Intellectual Ventures I*, 2014 U.S. Dist. LEXIS 134255, at *4.

There is no legal or factual support for Apple's patent misuse assertion. The Federal Circuit defines misuse as "an affirmative defense to an accusation of patent infringement, the successful assertion of which requires that the alleged infringer show that the patentee has impermissibly broadened the physical or temporal scope of the patent grant with anticompetitive effect." *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 868 (Fed. Cir. 1997). A disagreement regarding the terms of a license hardly rises to the level of patent misuse, a doctrine historically left for tying arrangements and agreements extending the term of the patent. *See id.* at 869.

Apple's allegation of patent misuse differs from that alleged in *Masimo Corp. v. Philips Elec. N. Am. Corp.*, C.A. No. 09-80-LPS, 2015 U.S. Dist. LEXIS 64462 (D. Del. May 18, 2015). In *Masimo*, the court denied a motion to strike the affirmative defense of misuse as the defendant implicated a stereotypical "tying" arrangement. *Id.* at *17. The court determined that the defendant had adequately pled the defense because its allegations were supported by facts in the pleadings. *Id.* at *18. Here, Apple's patent misuse allegation is not similarly supported. Apple does not allege that Evolved Wireless's licensing activities extend the scope or term of the Patents-in-Suit. Indeed, per Apple's admission, all the Patents-in-Suit were declared standard essential to the LTE standard by LG. As essential patents to the standard, every asserted patent

must be licensed to perform the standard. Offering a license to several essential patents at once is not the same as licensing one patented good on the condition of licensing an unpatented good, as in *Masimo*. Thus, Apple's fourth affirmative defense rests on "bare bones conclusory allegations" that have no basis in fact or law and should be stricken.

Apple's unclean hands allegation also lacks legal and factual support. An unclean hands defense requires proof that the plaintiff's conduct "was 'offensive to the dictates of natural justice." *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 310 (D. Del. 2005) (citing *Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1375 (Fed. Cir. 2001)). Put another way, the plaintiff must have "conducted [itself] as to shock the moral sensibilities of the judge." *Id.* (citing *Gaudiosi v. Mellon*, 269 F.2d 873, 882 (3d Cir. 1959)).

None of Evolved Wireless's actions, as alleged by Apple, offend "the dictates of natural justice." As with its allegations of patent misuse, Apple's allegation of unclean hands rests on "bare bones conclusory allegations" that have no basis in fact or law. Indeed, Apple has cited no authority that an alleged breach of FRAND obligations can serve as the basis for an unclean hands defense. Apple's fourth affirmative defense should therefore be stricken.

ii. **Apple's Fifth Affirmative Defense of Waiver Through Untimely Disclosure to ETSI Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement.**

Apple's fifth affirmative defense that Evolved Wireless's ability to enforce the Patent-in-Suit is estopped due to LG's alleged actions during the standard setting process is not a valid defense to patent infringement. Like Apple's fourth affirmative defense for breach of FRAND obligations, this defense is one of contract and should have been pled as a counterclaim subject to the requirements of *Iqbal* and *Twombly*.

To the extent, if any, that this affirmative defense relates to the claim of patent infringement, the proposed remedy is without factual or legal support. Apple provides no

11

support, factual or legal, for its contention that an alleged failure to abide by ETSI's patent identification process results in a waiver of the right to enforce the Patents-in-Suit against any entity practicing the standard. Indeed, Apple admits that LG did disclose the Patents-in-Suit according to the IPR policy of ETSI. D.I. 9 at 23, ¶¶ 21–22. To the extent there was any delay in disclosing the Patents-in-Suit, there can be no waiver as LG, and its successor-in-interest Evolved Wireless, agreed to license the Patents-in-Suit on FRAND terms, which Apple does not dispute. *Id.* at 23, ¶ 21. No case law, statute, or clause in the ETSI agreement creates a waiver based on the allegations set forth by Apple, and Apple has not provided any basis for its requested relief. For this additional reason, Apple's fifth affirmative defense should be stricken.

iii.   **Apple's Sixth Affirmative Defense of Unenforceability Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement.**

In its sixth affirmative defense, Apple argues that the Patents-in-Suit are unenforceable against Apple due to purported "standards-setting misconduct." As with Apple's fourth and fifth affirmative defenses, this defense is based in contract law and is, therefore, not properly pled as an affirmative defense. For this reason, the defense should therefore be stricken.

In addition, this affirmative defense does not provide fair notice of the issue involved. Apple alleges that Evolved Wireless committed "standards-setting misconduct," D.I. 9 at 17, but Apple does not define what constitutes the alleged misconduct. Indeed, "standards-setting misconduct" has never been defined by ETSI or any court, especially when a party declares its patents as standard essential and subjects those patents to a FRAND obligation. Here, Apple admits that LG declared the Patents-in-Suit standard essential and that the patents are subject to a FRAND obligation, which Evolved Wireless does not dispute. D.I. 9 at 23, ¶ 21. Apple's allegations fail to identify any conduct that could be considered "standards-setting misconduct," however that term may be defined. Moreover, there is no authority to support Apple's contention

12

that the Patents-in-Suit could be found unenforceable due to the alleged "standards-setting misconduct." Thus, the defense should be stricken.

> iv. **Apple's Seventh Affirmative Defense of License Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement**

Apple's seventh affirmative defense is that Apple has a license "pursuant to Evolved's contractual obligation to license [Apple] the Patents-in-Suit on FRAND terms" or, alternatively, that "Apple has the irrevocable right to a license on FRAND terms to the Patents-in-Suit." D.I. at 17. As with Apple's fourth, fifth and sixth affirmative defenses, this defense is based in contract and is therefore not a defense to patent infringement. For this reason, it should be stricken.

In addition, this defense has no basis in law or fact. Apple admits that "it has not entered into an express license agreement" with Evolved Wireless D.I. 9 at 11, ¶ 66. As such, that cannot be the basis for this alleged defense. Further, Apple does not have a defense based on an ability to enter into a license. Any alleged ability to enter into a license is not a defense to patent infringement as it is irrelevant unless such license has been entered and a party continues to assert a claim for patent infringement. As such, Apple's seventh affirmative defense should be stricken.

## V.    <u>CONCLUSION</u>

Apple's eleventh counterclaim fails to plead sufficient facts to show Apple is entitled to relief, and thus the counterclaim fails to state a claim for which relief can be granted. Additionally, Apple's fourth, fifth, sixth, and seventh affirmative defenses are insufficiently pled, immaterial to the charge of patent infringement, and should have been brought as counterclaims subject to *Iqbal* and *Twombly*. As such, this Court should grant Evolved Wireless's Motion for Judgment on the Pleadings and Motion to Strike.

Dated: March 3, 2016

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Christopher K. Larus (admitted *pro hac vice*)
Ryan M. Schultz (admitted *pro hac vice*)
Andrew D. Hedden (admitted *pro hac vice*)
Benjamen C. Linden (admitted *pro hac vice*)
Ryan E. Dornberger (admitted *pro hac vice*)
Anthony F. Schlehuber (admitted *pro hac vice*)
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
clarus@robinskaplan.com
rschultz@robinskaplan.com
ahedden@robinskaplan.com
blinden@robinskaplan.com
rdornberger@robinskaplan.com
aschlehuber@robinskaplan.com

Andrea L. Gothing (admitted *pro hac vice*)
Robins Kaplan LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
agothing@robinskaplan.com

**Counsel For Plaintiff Evolved Wireless, LLC**

14