## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-542-SLR-SRF |
| | ) | |
| APPLE INC., | ) | **UNDER SEAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-543-SLR-SRF |
| | ) | |
| HTC CORPORATION and | ) | **UNDER SEAL** |
| HTC AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-544-SLR-SRF |
| | ) | |
| LENOVO GROUP LTD., LENOVO | ) | **UNDER SEAL** |
| (UNITED STATES) INC., and | ) | |
| MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.<br>and SAMSUNG ELECTRONICS<br>AMERICA, INC.<br><br>    Defendants. | Civil Action No. 15-545-SLR-SRF<br><br>**UNDER SEAL** |
| EVOLVED WIRELESS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZTE (USA) INC.,<br><br>    Defendant. | Civil Action No. 15-546-SLR-SRF<br><br>**UNDER SEAL** |

## MEMORANDUM ORDER

At Wilmington this 26 th day of **July, 2017**, the court having considered the parties'
discovery dispute submissions and the arguments presented during the July 10, 2017 discovery
dispute hearing (D.I. 161;[1] D.I. 162; 7/10/17 Tr.), IT IS HEREBY ORDERED THAT the motion
to compel of defendants Apple, Inc., HTC Corporation, HTC America Inc., Lenovo Group Ltd.,
Lenovo (United States) Inc., Motorola Mobility LLC, Samsung Electronics Co. Ltd., Samsung
Electronics America, Inc., ZTE Corp., ZTE (USA) Inc., and ZTE Solutions Inc. (collectively,

---

[1] All citations to docket entries refer to Civil Action No. 15-542-SLR-SRF, unless otherwise
noted.

"defendants") is GRANTED with respect to the 30(b)(6) testimony[2] for the reasons set forth below.

**1. Background.** On June 25, 2015, plaintiff Evolved Wireless, LLC ("Evolved") filed six related cases asserting infringement of United States Patent Nos. 7,746,916 ("the '916 patent"), 7,768,965 ("the '965 patent"), 7,809,373 ("the '373 patent"), 7,881,236 ("the '236 patent"), and 8,218,481 ("the '481 patent") (collectively, the "patents-in-suit")[3] directed to LTE wireless communication systems. (D.I. 1) Evolved owns the patents-in-suit by assignment from LG Electronics, Inc. ("LG"). (*Id.* at ¶ 15) LG is a member of the European Telecommunications Standards Institute ("ETSI"), and participated extensively in the Third Generation Partnership Project ("3GPP") Working Group meetings to develop the LTE standards. (*Id.* at ¶ 16) The patents-in-suit are essential to the 3GPP 36 Series technical specifications, which cover the LTE standards. (*Id.* at ¶ 15)

**2. Legal Standard.** Rule 30(b)(6) permits a party to name a corporation or other organization as a deponent. The party seeking an organization's testimony "must describe with reasonable particularity the matters for examination," and the organization is required to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). A corporation has an affirmative duty to produce a representative who can answer questions that

---

[2] In the submissions and during the July 10, 2017 discovery dispute hearing, the parties also raised the issue of Evolved's failure to produce emails contained in an Outlook folder in Abha Divine's possession. (D.I. 161 at 3-4; D.I. 162 at 4; 7/10/17 Tr. at 35:18-42:10) The court ruled on the transcript on this issue, ordering Evolved to review the emails and create a privilege log. (7/10/17 Tr. at 42:11-44:22) On July 17, 2017, counsel for Evolved filed a letter indicating that it anticipates the production of all non-privileged, responsive emails and a privilege log will be complete on or before August 7, 2017. (D.I. 165)

[3] On July 14, 2017, a stipulation of dismissal was filed and entered with respect to the '916 patent, the '965 patent, and the '481 patent. (D.I. 164) These patents are no longer at issue in the litigation.

are within the scope of the matters described in the notice of deposition. *Harris v. New Jersey*,
259 F.R.D. 89, 92 (D.N.J. 2007). "The duty of preparation goes beyond the designee's personal
knowledge and matters in which the designee was personally involved. . . . If necessary, the
deponent must use documents, past employees, or other resources to obtain responsive
information. *Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 554 (D. Del. 2013).

     **3. Analysis.** By way of the pending motion to compel, defendants request supplemental
30(b)(6) testimony regarding Topics 19, 23, 24, and 25. (D.I. 161 at 3) Alternatively,
defendants seek to preclude Evolved from offering testimony at trial on the challenged Topics.
(*Id.*)

     **4.** Topic 19 is directed to information regarding "[a]ny transfer, assignment, sale, or
license of rights in the Asserted Patents or Acquired LG Patents," including the valuation of
those rights. (D.I. 161, Ex. A at 18) During the July 10, 2017 hearing, defendants specified that
they are particularly interested in "what was offered to TQ Lambda as part of this sale from LG
Electronics, what was discussed, what were the terms in terms of the portfolio as well as the
purchase price." (7/10/17 Tr. at 17:1-5) Evolved objected to Topic 19 to the extent that it sought
privileged information, but agreed to produce a witness to testify regarding non-privileged
factual information relating to the transfer, assignment, sale, or license of rights to the patents-in-
suit. (D.I. 161, Ex. A at 18) Evolved's response did not expressly mention valuation. (7/10/17
Tr. at 23:22-24:4)

     **5.** Defendants' request is granted to the extent that defendants seek additional 30(b)(6)
testimony regarding the terms of the TQ Lambda sale. Evolved cannot avoid disclosure of this
information via omissions in its responses to the deposition notice. The terms of the sale from
LG Electronics to TQ Lambda constitute factual information relevant to defendants' case, and

the factual information regarding the sale is not subject to Evolved's privilege objection. Defendants sufficiently narrowed the scope of the deposition topic during the course of the July 10, 2017 hearing, obviating Evolved's objections based on overbreadth and undue burden.

6. The deposition transcript of Evolved's 30(b)(6) deponent, Abha Divine, reveals that her answers in response to questioning on Topic 19 were incomplete. Ms. Divine was unable to provide any meaningful testimony regarding the valuation of the Lambda patents, instead referring generally to "fair value," "book value," and "generally accepted accounting principles." (D.I. 161, Ex. C at 391:22-399:25) These accounting terms are broad terms which, without further specifics, are unhelpful in determining the methodology used to value the patents in connection with the sale. Ms. Divine was also unable to direct defendants to any documents reflecting how the valuation determination was made. (*Id.* at 394:2-11, 513:7-11; D.I. 161, Ex. B at 244:12-23) Consequently, supplementation on Topic 19 is warranted.

7. The crux of the parties' dispute with respect to Topics 23 to 25, as narrowed during the July 10, 2017 discovery dispute hearing, is the calculation or formulation of the $0.25 licensing rate. (7/10/17 Tr. at 15:15-20) Evolved asserts that the disputed Topics do not expressly request testimony on calculation of the royalty rate. (*Id.* at 19:11-22) However, courts within the Third Circuit generally conclude that a 30(b)(6) deponent must answer relevant questions within the scope of Rule 26(b)(1), regardless of whether the questions were stated with reasonable particularity in the notice of deposition. *See Crawford*, 19 F. Supp. 3d at 554-55 (citing *Bracco Diagnostics Inc. v. Amersham Health, Inc.*, 2005 WL 6714281, at \*1-2 (D.N.J. Nov. 7, 2005); *Azur v. Chase Bank USA, N.A.*, 2007 WL 2955614, at \*1 (W.D. Pa. Oct. 9, 2007)). This is consistent with the spirit of Rule 30(b)(6), which was intended to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each

5

disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." Fed. R. Civ. P. 30(b)(6), 1970 Advisory Committee Notes.

**8.** Moreover, the testimony that Ms. Divine provided regarding the calculation of the royalty rate is deficient. Ms. Divine was repeatedly unable to direct defendants to any specific document supporting the $0.25 royalty rate. (D.I. 161, Ex. B at 74:24-75:20, 172:18-175:14, 187:12-188:18, 189:6-192:10, 211:4-215:22) Supplemental 30(b)(6) testimony on the $0.25 royalty rate is warranted to provide defendants with an opportunity to explore the factual underpinnings of the disclosed royalty rate.

**9.** This ruling applies only to the factual bases for the underlying Topics, and does not extend to privileged information. However, Evolved should be mindful that it may be precluded from affirmatively offering information at trial which was not covered during the 30(b)(6) deposition due to privilege assertions.

**10. Conclusion.** In view of the foregoing analysis, defendants' motion to compel is GRANTED. Evolved shall prepare a 30(b)(6) witness to testify regarding Topics 19, 23, 24, and 25, as narrowed by defendants' counsel during the July 10, 2017 hearing. The deposition shall occur within thirty (30) days of the date of this Memorandum Order.

**11.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version by no later than **August 7, 2017**. The court will subsequently issue a publicly available version of its Memorandum Order.

6

**12.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**13.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

7