**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **FILED UNDER SEAL** |
| | ) | |
| v. | ) | C.A. No. 15–542–JFB–SRF |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **FILED UNDER SEAL** |
| | ) | |
| v. | ) | C.A. No. 15–543–JFB–SRF |
| | ) | |
| HTC CORPORATION and HTC AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **FILED UNDER SEAL** |
| | ) | |
| v. | ) | C.A. No. 15–544–JFB–SRF |
| | ) | |
| MOTOROLA MOBILITY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

|  |  |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.<br>and SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **FILED UNDER SEAL**<br><br>)    C.A. No. 15–545–JFB–SRF |
| EVOLVED WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZTE (USA) INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **FILED UNDER SEAL**<br><br>)    C.A. No. 15–546–JFB–SRF |

### EVOLVED WIRELESS'S COMBINED OPENING-ANSWERING BRIEF REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES ALLEGING <u>LICENSE, COVENANTS NOT TO SUE, AND EXHAUSTION</u>

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777–0300
(302) 777–0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Christopher K. Larus (admitted *pro hac vice*)
Marla R. Butler (admitted *pro hac vice*)
Ryan M. Schultz (admitted *pro hac vice*)
John K. Harting (admitted *pro hac vice*)
Andrew D. Hedden (admitted *pro hac vice*)
Benjamen C. Linden (admitted *pro hac vice*)

Ryan E. Dornberger (admitted *pro hac vice*)
Anthony F. Schlehuber (admitted *pro hac vice*)
Rajin S. Olson (admitted *pro hac vice*)
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349–8500
Facsimile: (612) 339–4181
clarus@robinskaplan.com
mbutler@robinskaplan.com
rschultz@robinskaplan.com
jharting@robinskaplan.com

ahedden@robinskaplan.com
blinden@robinskaplan.com
rdornberger@robinskaplan.com
aschlehuber@robinskaplan.com
rolson@robinskaplan.com


Andrea L. Gothing (admitted *pro hac vice*)
ROBINS KAPLAN LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784–4040
Facsimile: (650) 784–4041
agothing@robinskaplan.com

Annie Huang (admitted *pro hac vice*)
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
ahuang@robinskaplan.com

Dated: February 2, 2018

**Counsel For Plaintiff Evolved Wireless, LLC**

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................. 1

Nature and Stage of the Proceeding ............................................................................ 4

Summary of Argument ................................................................................................. 4

Statement of Facts ....................................................................................................... 6

    I. ███████████████████ ................................................................. 6

       A. █████████████████████████████████
       █████████████████████ ............................. 10

       B. ████████████████████████████████
       ████████ ....................................................... 10

       C. ████████████████████████████████ .................... 12

    II. ████████████████████████ ......................... 13

       A. ██████████████████████ ................... 14

       B. ██████████████████████ ................... 14

    III. ███████████████████ ......................................... 8

    IV. The Asserted '373 Patent ................................................................. 15

    V. ████████████████ ........................................................ 6

Argument ................................................................................................... 15

    I. Evolved Wireless is entitled to summary judgment on ██████████
    ██████ ............................ 16

       A. Evolved Wireless is entitled to summary judgment because ████████
       ████████████ ................................. 17

       B. Evolved Wireless is entitled to summary judgment because Defendants cannot
       demonstrate that █████████████████████ ................. 20

       C. Evolved Wireless is entitled to summary judgment because Defendants have
       not shown that █████████████████████████ ................. 28

       D. Evolved Wireless is entitled to summary judgment because Defendants have
       not established ███████████████████████ ..................... 32

E.   Evolved Wireless is entitled to summary judgment because as a matter of law, Evolved Wireless ███████████████████████ ███████████ ........................................................................................... 34

II.   Even if the Court were to deny Evolved Wireless's motion for summary judgment, Defendants are clearly not entitled to summary judgment in their favor ............................................................................................................... 38

Conclusion ..................................................................................................................... 40

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Beard v. Banks*,
548 U.S. 521 (2006).................................................................................15, 19, 32

*Boghos v. Certain Underwriters at Lloyd's of London*,
115 P.3d 68 (Cal. 2005)..........................................................................19

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)............................................................................15, 16, 17, 32

*Cent. Ariz. Water Conservation Dist. v. United States*,
32 F. Supp. 2d 1117 (D. Ariz. 1998) ...............................................35, 36

*City of Hope Nat'l Med. Center v. Genentech, Inc.*,
181 P.34 142, 156 (Cal. 2008) .........................................................39

*Crosby v. HLC Props., Ltd.*,
167 Cal. Rptr. 3d 354 (Cal. Ct. App. 2014)......................................36

*Datatreasury Corp. v. Wells Fargo & Co.*,
522 F.3d 1368 (Fed. Cir. 2008)........................................................37

*De Forest Radio Telephone & Telegraph Co. v. United States*,
273 U.S. 236 (1927).........................................................................36, 37

*Epistar Corp. v. Int'l Trade Comm'n*,
566 F.3d 1321 (Fed. Cir. 2009).......................................................37

*Grey v. Am. Mgmt. Servs.*,
139 Cal. Rptr. 3d 210 (Cal. Ct. App. 2012)....................................20, 35

*Harper v. Del. Valley Broadcasters, Inc.*,
743 F. Supp. 1076 (D. Del. 1990)....................................................15

*Helferich Patent Licensing, LLC v. N.Y. Times Co.*,
778 F.3d 1293 (Fed. Cir. 2015)........................................................31, 32

*Intellectual Ventures I LLC v. Erie Indem. Co.*,
850 F.3d 1315 (Fed. Cir. 2017)........................................................35

*Kashmiri v. Regents of Univ. of Cal.*,
67 Cal. Rptr. 3d 635 (Cal. Ct. App. 2007) .....................................25

iii

*Kitty-Anne Music Co. v. Swan*,
    4 Cal. Rptr. 3d 796 (Cal. Ct. App. 2003) ............................................................................20

*Larwin-Southern Cal., Inc. v. JGB Inv. Co.*,
    162 Cal. Rptr. 52 (Cal. Ct. App. 1979) .....................................................................25, 26

*Lemm v. Stillwater Land & Cattle Co.*,
    19 P.2d 785 (Cal. 1933) ....................................................................................................27

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) .........................................................................................................16

*Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*,
    247 F.3d 44 (3d Cir. 2001) ...............................................................................................37

*Moore v. Kulicke & Soffa Indus.*,
    318 F.3d 561 (3d Cir. 2003) ...............................................................................................15

*Mountain Air Enters., LLC v. Sundowner Towers, LLC*,
    398 P.3d 556 (Cal. 2017) .........................................................................................20, 22, 23

*N.D. State Univ. v. United States*,
    255 F.3d 599 (8th Cir. 2001) .............................................................................................38

*Quanta Compnt., Inc. v. LG Elecs., Inc.*,
    553 U.S. 617 (2008) .........................................................................................................31

*RN Soln., Inc. v. Catholic Healthcare West*,
    81 Cal. Rptr. 3d 892 (Cal. Ct. App. 2008) ......................................................................26, 28

*Rodriquez v. Barnett*,
    52 Cal. 2d 154 (1959) ......................................................................................................26

*Ronald A. Katz Tech. Licensing, L.P. v. Am. Airlines, Inc.*,
    C.A. No. 07-2196, 2009 U.S. Dist. LEXIS 131919 (C.D. Cal. May 1, 2009),
    *overruled on other grounds by* 639 F.3d 1303 (Fed. Cir. 2011) ....................................31, 32

*U.S. Philips Corp. v. Iwasaki Elec. Co.*,
    505 F.3d 1371 (Fed. Cir. 2007) .........................................................................................16

*United States v. Soures*,
    736 F.2d 87 (3rd Cir. 1984) ...............................................................................................19

**Rules**

Fed. R. Civ. P. 56(a) ...........................................................................................................15

Fed. R. Evid. 106 ................................................................................................................19

iv

Plaintiff Evolved Wireless, LLC ("Evolved Wireless") submits this opening brief in support of its Motion for Summary Judgment on Defendants'[1] affirmative defenses alleging license and patent exhaustion (Defendant Apple's Sixth and Seventh Affirmative Defenses, Defendant HTC's Sixth and Seventh Affirmative Defenses, Defendant Lenovo's Thirteenth Affirmative Defense, Defendant Microsoft's Tenth Affirmative Defense, Defendant Samsung's Seventh Affirmative Defense, and Defendant ZTE's Third Affirmative Defense. (15-542, D.I. 195; 15-543, D.I. 204; 15-544, D.I. 183; 15-545, D.I. 226; 15-546, D.I. 198; 15-547, D.I. 198). Evolved Wireless also submits this brief in opposition to Defendants' Motion for Summary Judgment ██████████████████████ to U.S. Patent No. 7,809,373. D.I. 194.[2]

## INTRODUCTION

Defendants asserted affirmative defenses at the outset of this case alleging that their infringement of Evolved Wireless's patents was excused by alleged licenses and the doctrine of patent exhaustion. *See* 15-542, D.I. 9; 15-543, D.I. 10; 15-544, D.I. 9; 15-545, D.I. 68; 15-546, D.I. 10; 15-547, D.I. 12. Throughout the discovery phase of this case, Defendants failed to identify *any* such license or to identify *any* factual basis for their assertion of patent exhaustion. After the close of both fact and expert discovery, ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

---

[1] "Defendants" refers collectively to Apple Inc. ("Apple"); HTC Corporation, HTC America, Inc. ("HTC"); Motorola Mobility LLC ("Motorola"); Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. ("Samsung"); ZTE (USA) Inc. ("ZTE"); and Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc. (f/k/a Nokia Inc.) ("Microsoft").

[2] Docket numbers refer to Case No. 15-542 unless otherwise noted.



Defendants' contentions are based

The documents upon which Defendants base their affirmative defenses are incomplete and are heavily redacted—so much so that page after page of

have been effectively removed. As a matter of law,

cannot satisfy Defendants' burden of proving their affirmative defenses.

The limited portions of that are disclosed to the Court and Evolved Wireless, however, clearly demonstrate that

do not apply to Defendants' infringing activity. To the contrary, the disclosed portions of make clear that

. Thus, as a matter of law, Defendants cannot show that their infringing activity

.

To the contrary, the *undisputed* record before this Court demonstrates that

---

[3] ). Defendants have apparently abandoned their affirmative defenses relating to Evolved Wireless's U.S. Patent No. 7,881,236 (the "'236 Patent").

██████████████████████████████████████████████████

███████████████████████████. Defendants have offered *no*

*evidence* to demonstrate that the '373 Patent is ██████████████████████████

███████████████████████. Evolved Wireless's '373 Patent relates to ████

████████████████████████████████████████

██████████████████████████████████

The *undisputed* record before this Court similarly demonstrates that ████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████ would not apply to Defendants' use of the '373 Patent. The

*undisputed* record before this Court further demonstrates that ██████████████████

███████████ do not exhaust Evolved Wireless's patent rights ██████████████████

████████

It is also *undisputed* that for Defendants to claim the benefit of ██████████████

██████████████████████████ they have the burden of demonstrating

that their accused products ██████████████████████. Here, there is no record

evidence ██████████████████████████████████

████████

Finally, it is *undisputed* that ██████████████████████████████████

██████████████████████████████████████████

████████████████████████████████t. Evolved Wireless (and its

predecessor-in-interest) is not bound ██████████████████████████.

Each of these issues compels summary judgment for Evolved Wireless on Defendants' affirmative defenses of license (or covenant) and exhaustion. Even if the Court were to conclude, however, that material issues of fact precluded summary judgment in favor of Evolved Wireless, there are at least genuine issues of material fact that preclude summary judgment in favor of Defendants.

## NATURE AND STAGE OF THE PROCEEDING

On June 25, 2015 Evolved Wireless filed separate actions against each of the six Defendants, asserting infringement of patents (the "Asserted Patents") declared essential to the Long-Term Evolution ("LTE") telecommunications standard (sometimes commercially referred to as "4G" technology). *See, e.g.,* D.I. 1; D.I. 245, Ex. 2 (Cooklev Op. Rep.) ¶¶ 49, 69.[4] Each of the actions accused Defendants' mobile devices that are compliant with the LTE standard of infringing the Asserted Patents. D.I. 1. In their initial Answers, Defendants asserted affirmative defenses of, *inter alia*, express license, implied license, and/or exhaustion. 15-542, D.I. 9 at 17-18; 15-543, D.I. 10 at 10; 15-544, D.I. 9 at 15; 15-545, D.I. 68 at 20; 15-546, D.I. 10 at 11; 15-547, D.I. 17 at 37. Following fact and expert discovery, the parties filed cross-motions for summary judgment on Defendants' asserted affirmative defenses of express license, implied license, and/or exhaustion on August 31, 2017. D.I. 194, 195.

## SUMMARY OF ARGUMENT

Defendants based their affirmative defenses alleging express license, implied license, and exhaustion ██████████████████████████████████████████████████████.

Evolved Wireless is entitled to summary judgment because:

---

[4] Citations to the Opening Report of Dr. Todor Cooklev refer to the report filed in C.A. No. 15-542. Appendix A to this brief includes a chart identifying the proper citations to the record in each of the six cases.

1)      Defendants bear the burden to produce competent, admissible evidence to support

their affirmative defenses of license and/or patent exhaustion. ███████████████████

██████████████ cannot not meet this burden;

2)      The limited portions ██████████████████████████████████

disclosed to the Court and Evolved Wireless reflect that ████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████

██████████. Defendants' motion offers *no evidence* to demonstrate that █████████████

███████████████████████████████████████████████. To

the contrary, the *undisputed* record before this Court is that the '373 Patent ████████████

████████████████████████████████████████████

██████████████████████████████████████████;

3)      The disclosed portions ████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████;

4)      In addition, the disclosed portions ██████████████████████████

███████████████████████████████████████████

████████████████████████████████. Defendants have failed to

disclose any evidence demonstrating that █████████████████████████████



; and

5)      It is undisputed that during negotiations relating to Evolved Wireless's purchase of the '373 Patent, ███████████████████████████████████████████

█████████████████████. Evolved Wireless (and its predecessor-in-interest) are not

bound ███████████████████████████████.

Given the record before the Court, this Court should grant summary judgment in Evolved

Wireless's favor on each of Defendants' affirmative defenses of express license, implied license,

███████████████. Even if the Court were to find some material issue of fact precluded

summary judgment for Evolved Wireless, however, there are multiple issues of fact described

below that would at the very least preclude summary judgment for Defendants.

## STATEMENT OF FACTS

**I.**      ████████████████████████████████

At the outset of fact discovery Evolved Wireless timely sought discovery into the factual

basis of Defendants' boilerplate affirmative defenses. Schultz Decl.,[5] Ex. 4 at Interrogatory No.

4. Throughout the fact discovery period, five of the six defendants never made *any* reference █

█████████████████████ in their interrogatory responses. Schultz Decl. ¶ 3; *see, e.g., id.*, Ex. 8

(Response to Interrogatory #4). The only one that did, ███████████████ but failed to disclose

a specific factual basis for contending that █████████████████ supported its affirmative

defense. Schultz Decl., ¶ 3; *see, e.g., id.*, Ex. 8.

---

[5] References to the "Schultz Decl." refer to the Declaration of Ryan M. Schultz filed concurrently herewith. Exhibits numbered 7-9 refer to case-specific documents.

Despite ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████

Not until August 31, 2017—four months after fact discovery closed in April 2017, and a week after expert discovery closed on August 23, 2017—did Defendants produce amended discovery responses that for the first time identified ████████████████████████████ ████████████ their alleged license and exhaustion defenses. Schultz Decl., Ex. 9 (Defendants' Supplemental Response to Interrogatory #4).[6] Concurrently, the parties filed cross-motions for summary judgment on Defendants' asserted affirmative defenses of express license, implied license, and/or exhaustion on August 31, 2017. D.I. 194, 195.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

_____

[6] Defendant Apple never provided a substantive response.

**II.**



**III.** ████████████████████████

The copies of ████████████████████████ upon which Defendants rely are incomplete and heavily redacted. ████████████████████ The portions that have been disclosed to the Court and to Evolved Wireless reflect ██████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ ████████████████████████████████████████ ████████████████████

████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████████ ███████████████████ ████████████████████████████████ ███████████████████████████████ ██████████████████████████████████ ████████████████████████████████████████



**A.**

**B.**





**C.**





## V.      The Asserted '373 Patent ███████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████ The asserted '373 Patent was declared essential by LGE to the LTE

standard. D.I 1 at 16; D.I. 196 at 8. ████████████████████████████████

████████████████████████████. Evolved Wireless has alleged that the asserted '373

patent is essential to the LTE standard regarding a particular method of performing a handover

between a source base station and target base station. D.I. 245, Ex. 2 (Cooklev Op. Rep.) ¶¶ 88-

90; D.I. 1 at ¶¶ 40-46.██████████████████████████████████████████

███████████████████████████████████.

## ARGUMENT

Defendants bear the burden to prove each of their affirmative defenses of express license,

implied license, and exhaustion by a preponderance of the evidence. *Moore v. Kulicke & Soffa

Indus.*, 318 F.3d 561, 566 (3d Cir. 2003); *see also Harper v. Del. Valley Broadcasters, Inc.*, 743

F. Supp. 1076, 1090-91 (D. Del. 1990). Summary judgment is appropriate where a party fails to

show evidence sufficient to establish the existence of a single element essential to the party's

case when the party bears the burden for proving that element at trial. *Beard v. Banks*, 548 U.S.

521, 529 (2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In addition, summary judgment should be granted when "the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). "Summary judgment is generally appropriate where, after making all

---

████████████████████████████████████████████████████████

████████████████████████████████████████████████

inferences in favor of the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1374-75 (Fed. Cir. 2007) (citing *Celotex*, 477 U.S. at 322). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotes omitted). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Evolved Wireless is entitled to summary judgment on Defendants' affirmative defenses of express license, implied license, and exhaustion because, *inter alia*, as a matter of law, the heavily redacted ██████████████████████████████████ do not support their claims. Even if the court were to find some issue of material fact that precluded summary judgment, Defendants are clearly not entitled to their affirmative summary judgment motion.

## I.   EVOLVED WIRELESS IS ENTITLED TO SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF EXPRESS LICENSE, IMPLIED LICENSE, AND EXHAUSTION.

Evolved Wireless is entitled to summary judgment on Defendants' affirmative defenses of alleged license and exhaustion for at least five reasons: **first**, Defendants base their affirmative defenses on heavily redacted copies ██████████████████████. As a matter of law, these heavily redacted documents are insufficient to support Defendants' affirmative defenses; **second**, the Defendants cannot demonstrate that ██████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████; **third**, the Defendants similarly

cannot demonstrate that ███████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████; **fourth**, Defendants cannot demonstrate that the

████████████████████████████████████████████████████████

████████████████████████████████████████; and **fifth**, the

Defendants cannot demonstrate that Evolved Wireless is bound ████████████████

███████████████████████████████████████████████████████

███████████████████ .

A.   **Evolved Wireless Is Entitled to Summary Judgment Because the Incomplete and Heavily Redacted** ████████████████ ████████████████ **Amount to a Failure of Proof.**

As a matter of law, the heavily redacted ████████████████████████ cannot

satisfy Defendants' burden of proof for their license and/or exhaustion defenses. "The plain

language of Rule 56(c) mandates the entry of summary judgment, after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Celotex*, 477 U.S. at 322.

In this case, Defendants' reliance upon incomplete and heavily redacted copies ████

████████████████████████ is particularly concerning because ████████████████

████████████████████ that have been disclosed to the Court, and the circumstances

surrounding their production. First, Defendants obtained these redacted documents from ████

█████████████████ , but have failed to disclose their communications regarding the

documents. In fact, each of the Defendants have actively opposed production of their

communications ███████████████████████████████████ . D.I. 310 at

2. Defendants made no motions to compel production of complete, unredacted versions ████

17

██████, and there is nothing in the record to suggest that Defendants could not have obtained

complete copies ███████████ if they chose to do so.

Second, although ██████████████████████████████████

Defendants have not established that ████████████████████████ represent the

only █████████████████████. Neither Defendants, ████████████████

██████, have represented that all ███████████████ have been produced and are before

this Court. In fact, Defendants' brief does not even acknowledge that ████████████

████████████████████████████████████████████████

████████████████████████

Third, the portions of ████████████ that have been disclosed strongly suggest that

redacted portions of █████████ may be material ████████████████████████

████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████

████████████████████████████████████

█████████████████████████████████

███████████████████████████████████████

█████████████████████████████████

█████████████████████████████████████ because they are used in redacted

portions of the documents.

The Parties and the Court should rely only on complete and unredacted agreements. "Under Fed. R. Evid. 106, when a party introduces a writing or part thereof, the opponent may require the other party to introduce any other part or writing 'which ought in fairness to be considered contemporaneously with it.' Under this doctrine of completeness, a second writing may be required to be read if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." *United States v. Soures*, 736 F.2d 87, 91 (3rd Cir. 1984). Here, it would be fundamentally unfair to Evolved Wireless to allow Defendants to present their defenses of license and exhaustion to the jury based on redactions ███████████████████████ ██████████████████████████████████—particularly given the potential relevance of the redactions. Absent full and unredacted ████████████████, Defendants have no admissible evidence to support their license and exhaustion defenses. *See Beard*, 548 U.S. at 529.

Moreover, Defendants' incomplete record prevents this Court's proper interpretation of ████████████. California law, which governs the interpretation of █████████████████ ██████████████████ requires that when interpreting a contract, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. § 1641. "The rule's effect, among other things, is to disfavor constructions of contractual provisions that would render other provisions surplusage." *Boghos v. Certain Underwriters at Lloyd's of London*, 115 P.3d 68, 72 (Cal. 2005).

█████████████████████████████████████████████████████████ █████████████████████████████████████████████████ upon

which they base their defenses. On this record alone, Defendants cannot met their burden of

proof to support their affirmative defenses of license and/or exhaustion.

Defendants could have cured these obvious failures of proof. There is no evidence

suggesting that Defendants sought complete, unredacted ███████████████. To the

contrary, Defendants have fought to keep their communications on this subject secret███████

████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████.

**B.      Evolved Wireless Is Entitled to Summary Judgment Because Defendants
Cannot Demonstrate that the '373 Patent**████████████████████████

Under California law, "[i]nterpretation of a written instrument is generally a question of

law." *Kitty-Anne Music Co. v. Swan*, 4 Cal. Rptr. 3d 796, 801 (Cal. Ct. App. 2003). The "initial

inquiry is confined to the writing alone. . . . The 'clear and explicit' meaning of these provisions,

interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense

or a special meaning is given to them by usage' ([Civ. Code], § 1644), controls judicial

interpretation." *Mountain Air Enters., LLC v. Sundowner Towers, LLC*, 398 P.3d 556, 561 (Cal.

2017) (citations omitted). "The basic goal of contract interpretation is to give effect to the

parties' mutual intent at the time of contracting." *Grey v. Am. Mgmt. Servs.*, 139 Cal. Rptr. 3d

210, 212 (Cal. Ct. App. 2012).

Those portions of ████████████████████████, that are available to the

Court and Evolved Wireless, clearly reflect ██████████████████████████

████████████████████████████████████████████

███████████████████████████████. Defendants' opening brief does

not identify *any evidence* to demonstrate that ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████

    **1.**    ██████████████████████████████████
████████.

As explained in the Fact Section III.A above, ██████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████

████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████'███████████

████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

        ───────────────────────

█ ████████████████████████████████████████



**2.      Interpreted according to their plain and ordinary meaning,**

The terms ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Cal. Civ. § 1644; *Mountain Air*, 398

P.3d at 561. In determining the plain and ordinary meaning of a contract term, courts may

consult dictionary definitions. *See Mountain Air*, 398 P.3d at 564-65. Standard dictionaries at the

time ███████████████████████████████████

███████████████████████████████████

███████████████████ Thus, by the plain language of ███████████████

███████████████████████████████████

███████████████████████████████

███████████████████████████████████

███████████████████

3. **It is undisputed that the '373 Patent** ███ ████████████████
████████████████

It is undisputed that the '373 Patent is ███████████████████

███████████████████████████████████

███████████████████ Defendants have not argued otherwise in their brief.

*See generally* D.I. 196. Nor is there any record evidence suggesting that the '373 Patent is

███████████████████████████████████

██████

The '373 Patent relates to a method of transmitting and receiving radio connection

information that allows a cellular telephone to access the network using predefined access

information that is determined by the cell tower—or "base station"—that the telephone is

attempting to access. *See* D.I. 245, Ex. 2 (Cooklev Op. Rep.) at ¶¶ 104-07. This dedicated

approach is employed in LTE, █████████████████████████

███████████████████████████████

████████████████████████████

███████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████ █ ██████████████

██████████████████████████████████████████████████████

████   Accordingly, the '373 Patent is not ██████████████████████████

██████████████████████████████ .

**4.      Defendants' affirmative defenses rest entirely on an inaccurate
          interpretation** ███████████████████████████████████████
██████████

Defendants have not presented any evidence to demonstrate that the inventions claimed

in the '373 Patent are █████████████████████████ . Rather, Defendants contend that

██████████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████

       ██████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

       _____
█ ██████████████████████████████████████████████████████
██████████ .



Defendants' interpretation ████████████████████████████████████████ ████████████████████████████ is contrary to the plain meaning of the contract. Under California law, "[t]he words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." Cal. Civ. § 1644. ████████████████████████████████████ ███████████████████████████████████████████████ Instead, the ordinary meaning ██████████████████████ should apply. *See* Schultz Decl., Ex. 5 (Merriam-Webster's Collegiate Dictionary, Tenth Edition, 1993); Ex. 6 (Merriam-Webster's Collegiate Dictionary, Eleventh Edition, 2007).

Defendants' interpretation ██████████████████████████████████████ would render ████████████████████████████████████████ █████████ indefinite. "A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties." Cal. Civ. § 1643. California Courts regularly conclude that when there are two competing interpretations, the version that renders the contract definite should prevail. *See Kashmiri v. Regents of Univ. of Cal.*, 67 Cal. Rptr. 3d 635, 660 (Cal. Ct. App. 2007); *see also Larwin-Southern Cal., Inc. v. JGB Inv. Co.*, 162 Cal. Rptr. 52, 59 (Cal. Ct. App.

1979) ("The Supreme Court also observed: 'If a contract is ***capable*** of two constructions courts are bound to give such an interpretation as will make it lawful, operative, ***definite***, reasonable, and ***capable*** of being carried into effect, if that can be done without violating the ***intention of the parties***.'") (citing *Rodriquez v. Barnett*, 52 Cal. 2d 154, 160 (1959).) (emphasis in original).

Defendants' interpretation



California law requires interpretation of contract to render the terms definite and capable of being carried into effect. *Larwin-Southern Cal.*, 162 Cal. Rptr. at 59. In this case, the Court should reject Defendants' interpretation that would render the contract terms indefinite.

The Defendants' broad interpretation is also at odds ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract." Cal. Civ. § 1648. It is inappropriate to adopt an interpretation that "could not have been within the parties' contemplation when the language was agreed to," based on whether anything "in the language [of the contract] remotely suggests that it was intended to apply" in the asserted manner. *RN Soln., Inc. v. Catholic Healthcare West*, 81

26

Cal. Rptr. 3d 892, 902 (Cal. Ct. App. 2008). "Whenever it may be determined as a matter of law that the actual mutual intention of the parties may be found within the scope of the language employed by them, the court must interpret the contract so as to give effect to such intention even though the broader and more general terms of the contract may, standing alone, apparently include something as to which it nevertheless appears from the circumstances and from the contract as a whole that the parties did not intend to contract." *Lemm v. Stillwater Land & Cattle Co.*, 19 P.2d 785, 788 (Cal. 1933) (citations omitted).



████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

██████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

It is inappropriate to adopt an interpretation of an agreement that extended beyond that which the parties intended to contract. ██████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████████ is unreasonable and should be rejected.

**C.    Evolved Wireless Is Entitled to Summary Judgment Because Defendants Have Not Shown that Their Infringing Activities ████████████████████████ Does Not Exhaust Evolved Wireless's Patent Rights.**

Even if Defendants could demonstrate ██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████



████████████████████████ Evolved Wireless's patent rights in the '373 Patent with respect to Defendants are not exhausted ████████████████ .

1. ████████████████████████████



**2.** ██████████████████████**t does not exhaust Evolved Wireless's rights in the '373 Patent.**

Additionally, ████████████████████████████████████████

████████████████████████████, Evolved Wireless's patent rights are not

exhausted ████████████████████████. Exhaustion applies only when a sold article

"had no reasonable *noninfringing use* and included all the inventive aspects of the patented methods." *Helferich Patent Licensing, LLC v. N.Y. Times Co.*, 778 F.3d 1293, 1308-09 (Fed. Cir. 2015) (quoting *Quanta Compnt., Inc. v. LG Elecs., Inc.,* 553 U.S. 617, 637-38 (2008)) (emphasis inoriginal). If a component has noninfringing uses or does not include all inventive aspects of the claims, an authorized purchaser of the component can still infringe a patent if they add other components to carry out the patented invention. As an affirmative defense, Defendants have the burden to establish exhaustion. *See Ronald A. Katz Tech. Licensing, L.P. v. Am. Airlines, Inc.*, C.A. No. 07-2196, 2009 U.S. Dist. LEXIS 131919, at *16 (C.D. Cal. May 1, 2009), *overruled on other grounds by* 639 F.3d 1303 (Fed. Cir. 2011).

This case is similar to *Helferich*. In that case, he patent owner had licensed its patents to the cell phone's manufacturer, but there were a subset of patents that required third party actions to carry out a final claim element necessary to infringe the patent. 78 F.3d at 1309. The manufacturers, therefore, were not at risk of infringing those patents directly. Because the phones did not infringe the patents directly and were capable of carrying out "reasonable and intended" noninfringing alternative uses, the Federal Circuit concluded that the patent owner had not exhausted its patent rights in licensing the manufacturers. *Id.* Rather, the defendant was taking the noninfringing phones, carrying out the additional claim limitation, and thus infringing the patents. This additional conduct had not been licensed to the manufacturers and was part of a different value proposition that the patent owner had the right to pursue. *Id.* at 1310.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████████████ Thus, as in *Helferich*, additional conduct is necessary to infringe the patent.

Moreover, Defendants have made no attempt to show that the there are no non-infringing uses ███████████████████████. *Cf. Katz*, 2009 U.S. Dist. LEXIS 131919 (denying summary judgment where defendants failed to come forward with evidence of non-infringing uses). Here, a number of noninfringing uses ███████████████████ exist. For example, the ██████████████████████████████████████████████████ That means ██████ ████████████████████████████████████████████████████████ ██████████████████████████ It is undisputed that the '373 Patent does not cover ██ ████████████████████████ Thus, ████████████ are capable of a reasonable and expected noninfringing use—████████████████████████████████████████████ ██████████████████████████████.

Like the phones in *Helferich*, ██████████████████ do not infringe the asserted patent alone and are capable of doing more than just the claimed invention when used by the Defendants. Accordingly, ████████████████████ does not exhaust Evolved Wireless's patent rights.

**D.   Evolved Wireless is entitled to summary judgment because Defendants have not established** ████████████████████████████████████████████████ ████████████████████████████████████████

Defendants' affirmative defenses also fail because Defendants have failed to demonstrate ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████ This attorney argument does not satisfy Defendants' burden to prove their affirmative defenses of license and exhaustion. *See Beard*, 548 U.S. at 529 (citing *Celotex*, 477 U.S. at 322).

1.   

2.   **Defendants have disclosed no evidence that**

██████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████ Defendants' failure of

proof to disclose this evidence merits summary judgment in Evolved Wireless's favor on their

license and/or exhaustion defenses.

**E.      Evolved Wireless is entitled to summary judgment because as a matter of law, Evolved Wireless is not bound** ████████████████████████

████████████████

Even if this Court concludes that █████████████████████████

████████████████████████████████████████████, Defendants

are unable to demonstrate that Evolved Wireless is bound ███████████████.

34

The Federal Circuit "appl[ies] state law to contractual disputes and interpretations of the parties' patent assignment agreements." *Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1320 (Fed. Cir. 2017). Under California law, "[t]he basic goal of contract interpretation is to give effect to the parties' mutual intent at the time of contracting." *Grey*, 139 Cal. Rptr. 3d at 212. Similarly, under federal law, "[t]he Court's role in interpreting a contract is to effectuate the mutual intent of the contracting parties." *Cent. Ariz. Water Conservation Dist. v. United States*, 32 F. Supp. 2d 1117, 1127 (D. Ariz. 1998).

The plain language of disclosed portions ███████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████ To hold

otherwise, would render ████████████████████ superfluous – violating a clear cannon of

contractual interpretation under California law. *Crosby v. HLC Props., Ltd.*, 167 Cal. Rptr. 3d

354, 360 (Cal. Ct. App. 2014) ("When interpreting a contract, we strive to interpret the parties'

agreement to give effect to all of a contract's terms, and to avoid interpretations that render any

portion superfluous, void or inexplicable." (citations omitted)).

████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████



██████████████████████████████████████ Defendants are unable to demonstrate that

Evolved Wireless is bound ████████████████████████. Accordingly, Evolved Wireless is

entitled to summary judgment on Defendants' license and exhaustion affirmative defenses.

## II.     Even if the Court were to deny Evolved Wireless's motion for summary judgment, Defendants are clearly not entitled to summary judgment in their favor.

For each of the reasons stated above, Evolved Wireless is entitled to summary judgment

on each of Defendants' affirmative defenses of express license, implied license, and exhaustion.

Even if the Court were to conclude that some material fact precluded summary judgment in favor

of Evolved Wireless, however, there are numerous issues of material fact that would preclude

summary judgment in favor of Defendants.

First, as described above, Defendants' affirmative defenses are based *entirely* on heavily

redacted copies ██████████████████████████. Even if the Court were to deem

these documents competent evidence, for the purposes of summary judgment, "[w]hen written

documents are relied on, they must be exhibited in full. The statement of the substance of written

instruments or of affiant's interpretation of them . . . are not sufficient." *N.D. State Univ. v.

United States*, 255 F.3d 599, 607 (8th Cir. 2001) (cited authority omitted). Defendants' summary

judgment motion cannot rely on heavily redacted copies of the ████████████████████

████████  *See id*.

Second, there are at least fact questions, as raised above, regarding ████████████

█████████████████████████████████████████████████

████████████████████████████████████

If the court were to conclude that ████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████ precludes summary judgment for Defendants.

38

"Interpretation of a written instrument becomes solely a judicial function only when it is based on the words of the instrument alone, when there is no conflict in the extrinsic evidence, or when a determination was made based on incompetent evidence." *City of Hope Nat'l Med. Center v. Genentech, Inc.*, 181 P.34 142, 156 (Cal. 2008) "[W]hen, as here, ascertaining the intent of the parties at the time the contract was executed depends on the credibility of extrinsic evidence, that credibility determination and the interpretation of the contract are questions of fact that may properly be resolved by the jury." *Id*.

In this case, testimony ███████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████

    ███████████████████████████████████████████

    ████████████████████████████████

    ██████████████████████████████████████████████

    ███████████████████████████████████████

    ████████████████████████████████

    ███████████████████████████████████████████

    ████████████████████████████████████████████

    ████████████████████████████

    ██████████████████████████████████████

    ████████████████████████████████████████

- ███████████████████████████████████████████
  ███████████████████████████████
  ███████████████████████
  █ ████████████████████████████████████████
  ████████████████████████████████████████████
  ██████████████████████████████████████
  ███████████████████
  █ ████████████████████████████████████████████
  ███████████████████

At a minimum, ██████████████████ raises genuine issues of material fact as to any disputed terms of ████████████████████████████ for which the Court determines extrinsic evidence is appropriate.

Similarly, even if the Court were to adopt Defendants' expansive (and incorrect) interpretation ██████████████████████████████████, there is at least a question of fact whether the '373 Patent is ███████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████

## CONCLUSION

For these reasons, Evolved Wireless respectfully requests this Court grants Evolved Wireless's motion for summary judgment on Defendants' express license, implied license, and exhaustion and deny Defendants' motion of summary judgment of covenant not to sue with respect to U.S. Patent 7,809,373.

Dated: February 2, 2018

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Christopher K. Larus (admitted *pro hac vice*)
Marla R. Butler (admitted *pro hac vice*)
Ryan M. Schultz (admitted *pro hac vice*)
Andrew D. Hedden (admitted *pro hac vice*)
Benjamen C. Linden (admitted *pro hac vice*)
Ryan E. Dornberger (admitted *pro hac vice*)
Anthony F. Schlehuber (admitted *pro hac vice*)
Rajin S. Olson (admitted *pro hac vice*)
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
clarus@robinskaplan.com
mbutler@robinskaplan.com
rschultz@robinskaplan.com
ahedden@robinskaplan.com
blinden@robinskaplan.com
rdornberger@robinskaplan.com
aschlehuber@robinskaplan.com
rolson@robinskaplan.com

Andrea L. Gothing (admitted *pro hac vice*)
ROBINS KAPLAN LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
agothing@robinskaplan.com

Annie Huang (admitted *pro hac vice*)
ROBINS KAPLAN LLP

399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
ahuang@robinskaplan.com

**Counsel For Plaintiff Evolved Wireless, LLC**