IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) C.A. No. 15-542-JFB-SRF |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) **PUBLIC VERSION** |
| APPLE, INC., | ) |
| | ) |
| Defendant. | ) |

### APPLE INC.'S MOTION *IN LIMINE* NO. 1: EXCLUDE IRRELEVANT AND PREJUDICIAL UNRELATED MATTERS INVOLVING APPLE

OF COUNSEL:

Michael D. Jay
Bill Ward, Ph.D.
Nandan R. Padmanabhan
Micol Small
Martin Ellison
BOIES, SCHILLER & FLEXNER LLP
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Tel: (310) 752-2400

Steven Holtzman
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Apple, Inc.*

Dated: August 30, 2018
Public Version Dated: September 6, 2018
5910566 / 42622

I.  **MOTION *IN LIMINE* NO. 1: EXCLUDE IRRELEVANT AND PREJUDICIAL UNRELATED MATTERS INVOLVING APPLE.**

Apple Inc. ("Apple") requests that the Court preclude evidence or argument about alleged past misconduct and the alleged poor character of Apple or Steve Jobs, as well as any prior unrelated litigations, investigations or accusations involving Apple or Mr. Jobs. For purposes of Apple's motion, "unrelated litigations, investigations or accusations" means prior litigations, investigations or accusations not between the parties, with the exception of impeachment and cross-examination evidence of witnesses' statements from prior litigations. As noted by this Court, "[a] motion in limine is appropriate for 'evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose.'" *Hologic, Inc. et al. v. Minerva Surgical, Inc.*, C.A. No. 15-1031-JFB-SRF, D.I. 452 at 1 (D. Del. July 9, 2018) (citation omitted). That is precisely the situation here. These topics have no place in this case and would serve only to prejudice Apple and mislead the jury. This purported evidence is irrelevant and more prejudicial than probative under Federal Rules of Evidence 402 and 403.

   A.  **Alleged Past Misconduct And The Alleged Poor Character Of Apple Or Steve Jobs Is Irrelevant And Unfairly Prejudicial.**

Evolved Wireless, LLC ("Evolved") and its experts should not be permitted to engage in "Apple bashing" at trial. One such example is a video, which Evolved produced just weeks ago (over a year after the fact discovery cutoff), of Apple's co-founder, Steve Jobs, from a PBS documentary titled "Triumph of the Nerds" (EVOLVED-0661401). In this decades-old video, Mr. Jobs discusses Apple's success, and states "we have always been shameless about stealing great ideas." To date, Evolved has not alleged that Apple stole or copied anything pertaining to the claims at issue.[1] The video is thus irrelevant under Rule 401 because it does not tend to make

---

[1] Nor could Evolved allege that Apple stole or copied any aspect of the alleged inventions of the

any fact "of consequence" in this case "more or less probable." Evolved's use of this video would be inflammatory and done solely to portray Apple in a negative light. Evidence of this sort must be excluded because it is irrelevant, highly prejudicial, and devoid of probative value. Fed. R. Evid. 401, 402, 403.

### B. Prior Unrelated Litigations, Investigations Or Accusations Involving Apple Or Mr. Jobs Are Irrelevant, Unfairly Prejudicial And May Confuse The Jury.

Evolved should similarly not be permitted to present evidence or argument regarding unrelated litigations, investigations or accusations involving Apple or Steve Jobs, including Apple's general actions, general litigation history or patterns, or reputation in the market. Evidence of past or pending litigation, either involving Apple or not, is irrelevant under Rule 401 because it does not tend to make any fact "of consequence" in this case "more or less probable." There is no element of Evolved's remaining causes of action that would tend to be proven or disproven by reference to other cases or proceedings involving different facts, different markets, different parties, and (in the case of foreign proceedings) different laws, rules of evidence, and standards of proof. Fed. R. Evid. 402. This is particularly true given that Evolved's damages expert, Dr. Jonathan Putnam, has not relied on any Defendant's unrelated litigations or investigations in forming his damages opinions. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *E.g.*, Declaration of Nandan R.

---

patents-in-suit— Evolved claims that the accused functionalities of the patents-in-suit are implemented entirely in the baseband chipsets Apple purchases from Qualcomm, Inc. (D.I. 345-1, Ex. HH at 4.)

2

Padmanabhan in Support of Apple Inc.'s Motion *In Limine* ("Padmanabhan Decl."), Ex. A at 99:4-100:7.

Given that Evolved's experts do not rely on Apple's unrelated litigations, investigations or accusations, the probative value of generalizations presented by Evolved regarding Apple's litigation or licensing conduct would be greatly outweighed by the prejudice to Apple. Fed. R. Evid. 403. Furthermore, such evidence of other litigation, administrative or legislative proceedings, and investigations is inadmissible under Federal Rule of Evidence 404(b), which bars evidence of "other act[s] . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Finally, decisions of other courts, politicians, and lawmakers are hearsay because the opinions, factual findings, and legal conclusions they reach do not fall under the public records exception to the hearsay rule. Fed. R. Evid. 802; *Int'l Land Acquisitions, Inc. v. Fausto*, 39 F. App'x 751, 756 (3d Cir. 2002) (judicial findings are inadmissible hearsay that cannot be corrected under Federal Rule of Evidence 803(8)).

Courts in other Apple litigations around the country have reached the same conclusion, and excluded evidence of unrelated Apple litigations. Padmanabhan Decl., Ex. B, *Emblaze Ltd. v. Apple Inc.*, Case No. 5:11-cv-01079-PSG, ECF No. 519 at p. 3 (N.D. Cal. June 18, 2014) ("Emblaze shall not offer evidence or argument regarding ... any prior unrelated litigations, investigations, accusations, or settlements involving Apple or Mr. Jobs."); Padmanabhan Decl., Ex. C, *NetAirus Techs, LLC v. Apple, Inc.*, Case No. 10-cv-03257-JAK-E, ECF No. 523 at p. 2 (C.D. Cal. Oct. 21, 2013) (granting portion of motion *in limine* "as to other litigation").

Evolved should not be permitted to prejudice Apple or confuse the jury with evidence or argument about these (or any other) irrelevant and unrelated litigations, accusations and investigations. Fed. R. Evid. 401, 402, 403.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Michael D. Jay
Bill Ward, Ph.D.
Nandan R. Padmanabhan
Micol Small
Martin Ellison
BOIES, SCHILLER & FLEXNER LLP
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Tel: (310) 752-2400

By: /s/ David E. Moore
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

Steven Holtzman
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874 1000

*Attorneys for Defendant Apple, Inc.*

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727

Dated: August 30, 2018
Public Version Dated: September 6, 2018
5910566 / 42622