IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-542-JFB-SRF |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-543-JFB-SRF |
| | ) | |
| HTC CORPORATION and HTC AMERJCA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-544-JFB-SRF |
| | ) | |
| LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-545-JFB-SRF |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-546-JFB-SRF |
| | ) | |
| ZTE (USA) INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-547-JFB-SRF |
| | ) | |
| MICROSOFT CORPORATION, MICROSOFT MOBILE OY and NOKIA INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff Evolved Wireless, LLC's ("Evolved") objections (D.I. 361)[1] to the Order of the Magistrate Judge (D.I. 356) on discovery disputes (D.I., 307; D.I. 310; D.I. 314; D.I. 325; D.I. 333).

---

[1] All docket items ("D.I.") refer to Civil Action No. 15-542-JFB-SRF unless otherwise stated. Corresponding objections in the above captioned cases are: *HTC*, Civ. No. 15-543, D.I. 355; *Motorola*, Civ. No. 15-544, D.I. 320; *Samsung*, Civ. No. 15-545, D.I. 360; *ZTE*, Civ. No. 15-546, D.I. 322; *Microsoft*,

This dispute centers around a license agreement between LG Electronics ("LGE"), the original owner of the patents Evolved asserts in this case, and Qualcomm, Inc. ("Qualcomm"), which supplies the wireless chipsets used in many of the defendants' accused products. Evolved objects to the Magistrate Judge's denial of leave to take a deposition of LGE and the denial of its motion to compel production of communications between defendants and Qualcomm.

The record, reflected in reflected in a series of Judge Fallon's discovery rulings, shows that Evolved had long known about the agreement yet withheld that information during discovery, and producing information about the agreement months after fact discovery had ended, only after Judge Fallon compelled their production. The defendants, on the other hand, sought and obtained leave to depose Qualcomm months before fact discovery closed, whereas Evolved never sought any discovery from LGE during fact discovery.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). The district judge must consider such objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A Magistrate Judge's order is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). The court reviews findings of fact for clear error and legal conclusions de novo. *Id.*; *see*

---

Civ. No. 15-547, D.I. 341/342. Corresponding Magistrate Judge orders are: *HTC*, Civ. No. 15-543, D.I. 351; *Motorola*, Civ. No. 15-544, D.I. 316; *Samsung*, Civ. No. 15-545, D.I. 356; *ZTE*, Civ. No. 15-546, D.I. 317; *Microsoft*, Civ. No. 15-547, D.I. 336.

*also Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary indicates plenary review as to matters of law").

The Court has conducted an appropriate review and finds no errors of fact or law. The Court agrees with Judge Fallon that Evolved failed to establish good cause to take additional discovery from LGE. The Court further agrees that Evolved's present discovery request for production of certain communications did not "arise from" the Qualcomm deposition as required by the Magistrate Judge's earlier order, and, in any event, are privileged communications. The Court finds Evolved's objections should be overruled and the order of the Magistrate Judge should be affirmed. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's order (D.I. 356) is adopted.
2. The plaintiff's objections (D.I. 361) are overruled.

DATED this 13th day of February, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge