IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-542-JFB-SRF |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-543-JFB-SRF |
| | ) | |
| HTC CORPORATION and | ) | |
| HTC AMERJCA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-544-JFB-SRF |
| | ) | |
| LENOVO GROUP LTD., LENOVO | ) | |
| (UNITED STATES) INC., and | ) | |
| MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| EVOLVED WIRELESS, LLC, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>SAMSUNG ELECTRONICS CO., LTD. )<br>and SAMSUNG ELECTRONICS )<br>AMERICA, INC. )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 15-545-JFB-SRF |
| EVOLVED WIRELESS, LLC, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>ZTE (USA) INC., )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 15-546-JFB-SRF |
| EVOLVED WIRELESS, LLC, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>MICROSOFT CORPORATION, )<br>MICROSOFT MOBILE OY and )<br>NOKIA INC., )<br>)<br>Defendants. ) | Civil Action No. 15-547-JFB-SRF |

MEMORANDUM AND ORDER

This matter is before the Court on Apple's motion to strike the supplemental expert report of Jonathan D. Putnam (D.I. 396).[1]

---

[1] All docket items ("D.I.") refer to Civil Action No. 15-542-JFB-SRF unless otherwise stated.

Dr. Putnam is plaintiff Evolved Wireless Inc.'s ("Evolved") damages expert. Apple contends the supplemental report is untimely and asserts that Evolved lacks any legitimate justification for the delay. Apple argues Dr. Putnam's new report offers a reformulation of his "citation analysis" methodology, which forms the entire basis of his damages' calculation. It contends that responding to this new analysis would require the defendants and their experts to expend substantial resources which would be extremely prejudicial at this stage of the case.

In opposition, Evolved states that a third-party commercial database provider updated and revised the database of LTE patent data and Dr. Putnam supplemented his report accordingly. Evolved states that the supplemental report is not "an entirely new analysis" or a "do-over" report as the defendants contend but applies the same methodology as Dr. Putnam's earlier report. Evolved has shown that it offered on July 2, 2018 to make Dr. Putnam available for a deposition regarding his Supplemental Report. Also, on September 25, 2018, Evolved filed a notice of new facts stating that the rescheduling of the trials against Apple and the other defendants provided an additional opportunity to cure any alleged prejudice.

In the Third Circuit, courts weigh the "*Pennypack* factors" to assess whether any untimely evidence should be stricken. *Konstantopoulas v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977) *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985)). Those factors include: (1) the prejudice or surprise to the moving party; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in

failing to disclose the evidence; and (5) the importance of the testimony sought to be excluded. *Id.* "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Id.* The determination of whether to exclude evidence is within the discretion of the district court. *Id.* Generally, an additional deposition of the expert can cure alleged prejudice from the service of a supplemental report. *Novartis Pharm. Corp. v. Actavis, Inc.*, No. CV 12-366-RGA-CJB, 2013 WL 7045056, at *10 (D. Del. Dec. 23, 2013).

The Court has reviewed the parties' submissions and finds the motion should be denied. Evolved has shown that its declaration is not untimely and, if it were, Apple could have cured any alleged prejudice by again deposing the expert. Any prejudice to Apple is a problem of its own making. The defendants have known of Dr. Putnam's methodology for calculating a FRAND royalty for the patents-in-suit since the disclosure of his opening report and updated data would have been foreseeable. Accordingly, the Court finds the motion should be denied.

IT IS ORDERED that Defendant Apple's motion to strike the supplemental expert report of Jonathan D. Putnam (D.I. 396) is denied.

DATED this 14th day of January, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge