## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 15-542-JFB-SRF |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| APPLE, INC., | ) |
| | ) |
| Defendant. | ) |

## APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* RELATED TO DEFENDANT APPLE

OF COUNSEL:

Michael D. Jay
Nandan R. Padmanabhan
Mark D. Fowler
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel: (310) 595-3000

Mark D. Fowler
DLA PIPER LLP (US)
2000 University Ave.
East Palo Alto, CA 94303
Tel: (650) 833-2000

Susan N. Acquista
Jacob Anderson
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Tel: (619) 699-2700

Dated: February 15, 2019
6087583 / 42622

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Apple, Inc.*

## **TABLE OF CONTENTS**

I.    THE PROBATIVE VALUE OF APPLE'S EVIDENCE REGARDING THE HARM THAT EVOLVED'S BREACH CAUSED OUTWEIGHS ANY PURPORTED PREJUDICE. ...................................................................................1

II.   APPLE'S EXPENSES INCURRED IN THIS LITIGATION ARE LEGALLY RELEVANT. ..................................................................................................................2

III.  THE CHALLENGED EVIDENCE SUPPORTS AN AWARD OF NOMINAL DAMAGES. ..................................................................................................................3

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 11–CV–01846, 2012 WL 1672493 (N.D. Cal. May 14, 2012)..........................3

*Apple, Inc. v. Motorola Mobility, Inc.*,
   886 F. Supp. 2d 1061 (W.D. Wisc. 2012).................................................................3

*Bradley v. Pittsburgh Bd. of Educ.*,
   913 F.2d 1064 (3d Cir. 1990)....................................................................................3

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   C.A. No. 6:12-cv-00100-JRG-JDL (E.D. Tex.)........................................................4

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993)..................................................................................................3

*Norwood Lumber Corp. v. McKean*,
   153 F.2d 753 (3d Cir. 1946)......................................................................................4

*Qualcomm Inc. v. Broadcom Corp.*,
   548 F.3d 1004 (Fed. Cir. 2008).............................................................................3, 4

**RULES**

Fed. R. Civ. P. 26...............................................................................................................1

Fed. R. Evid. 401 ...............................................................................................................3

Fed. R. Evid. 402 ...............................................................................................................2

I.     **THE PROBATIVE VALUE OF APPLE'S EVIDENCE REGARDING THE HARM THAT EVOLVED'S BREACH CAUSED OUTWEIGHS ANY PURPORTED PREJUDICE.**

To prevail on its breach of contract counterclaim relating to Evolved's FRAND obligation, Apple must show that, in addition to the existence of a contract and that Evolved breached that contract, that it has suffered harm as a result of Evolved's breach. The evidence that Evolved seeks to exclude through its motion *in limine* is highly probative of that last element. Evolved's motion *in limine* appears to confuse establishing the last element of the breach of contract claim—that Apple has suffered harm as a result of Evolved's breach—with what is required to establish monetary damages. To be clear, Apple is not seeking monetary damages as a result of Evolved's breach. Instead, it is Apple's position that the remedy for Evolved's breach is primarily equitable—that it waives Evolved's right to assert, or estops Evolved from asserting, patent infringement claims against Apple with respect to the patents-in-suit. The evidence that Evolved seeks to exclude by this motion goes to whether Evolved's breach harmed Apple, not to quantify the amount of damages that Apple has suffered as a result of Evolved's breach.

Evolved cannot credibly claim that it will suffer any prejudice as a result of Apple presenting evidence that it has been harmed as a result of Evolved's breach of its FRAND obligation. Evolved has been aware since the beginning of this case that Apple has alleged that it has been damaged by Evolved's breach in the form of costs and fees that Apple has incurred in having to litigate this case. (D.I. 9 (Apple's Answer and Counterclaims) at ¶ 66.) In addition, as Evolved concedes, Apple timely identified Heather Mewes in its Rule 26 disclosures as a witness having "knowledge related to Evolved's failure to offer a license to the Patents-in-Suit on [FRAND] terms." (Mot. at 2 (citing D.I. 269, Ex. 1).) Evolved complains—without citation to any authority—that Apple should have further specified in its disclosures that Ms. Mewes has

knowledge about the harm Apple suffered as a result of Evolved's failure to offer a license to its patent portfolio on FRAND terms. (*Id.*) But this harm is plainly "related to" Evolved's breach and is therefore covered by Apple's broad disclosure regarding Ms. Mewes' knowledge. It strains credulity for Evolved to suggest otherwise. Furthermore, Evolved deposed Ms. Mewes and asked her numerous questions about Apple's breach of FRAND counterclaim, but failed to inquire how the breach harmed Apple, even though that is a basic element of Apple's counterclaim. (*See* Declaration of Susan Acquista in Support of Apple's Opposition of Evolved's Motion *in Limine* Related to Apple ("Acquista Decl."), Ex. 1 (Mewes Dep. Tr.) at 205:3-208:22, 224:17-230:24.) Thus, any purported prejudice to Evolved in not discovering earlier the substance of Apple's claim of suffered harm is rooted in Evolved's own failure, not that of Apple.

Evolved also argues that the Court should exclude documents evidencing expert witness fees Apple incurred as a result of Evolved's breaches because the documents were not produced during fact discovery. (Mot. at 3-4.) Evolved seems to forget, however, that Apple did not incur these fees for experts until *after* the close of fact discovery. (*See* D.I. 243, Small Decl., Exs. O & P.) Therefore, this evidence, which is plain evidence that Apple has suffered harm, could not have been produced during fact discovery. Moreover, Evolved's assertions of prejudice are wholly conclusory. Evolved provides no factual basis as to why it would be prejudiced by admission of these documents, which were produced on November 17, 2017, well over a year before trial is set to begin. Accordingly, any purported prejudice does not outweigh the evidence's probative value.

## II.    APPLE'S EXPENSES INCURRED IN THIS LITIGATION ARE LEGALLY RELEVANT.

Evolved argues that the challenged evidence should be excluded under Federal Rule of Evidence 402 because "same-suit attorneys' fees are legally improper as damages in a contract

2

claim." (Mot. at 3.) As Apple has previously explained (*see* D.I. 40 & D.I. 242),[1] this argument lacks merit. Other district courts interpreting the contractual obligations owed to standard-setting organizations have correctly decided that a breach of those obligations often leads to patent infringement litigation which causes compensable harm to the alleged infringer. *See, e.g., Apple, Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1082 (W.D. Wisc. 2012) (rejecting argument that Apple could not recover attorney fees as damages for Motorola's breach of obligation to timely disclose patents to standard-setting organization); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11–CV–01846, 2012 WL 1672493, at *13 (N.D. Cal. May 14, 2012) (same); *see also Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1021 (Fed. Cir. 2008) (finding that having "to undergo the uncertainty and cost of litigation (which in this case was substantial), are significant burdens" caused by failure to timely disclose patents to standard-setting organization). Apple's costs associated with defending this lawsuit are therefore cognizable and plainly relevant. *See* Fed. R. Evid. 401; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993) (Rule 401's basic standard of relevance is a liberal one). Moreover, Evolved's challenge to the legal sufficiency of the evidence is not the appropriate subject of a motion *in limine*. *See Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069-70 (3d Cir. 1990).

### III. THE CHALLENGED EVIDENCE SUPPORTS AN AWARD OF NOMINAL DAMAGES.

Evolved also contends that the Court should exclude Apple's evidence of harm because it is legally insufficient to support an award of compensatory damages. (Mot. at 4.) But Apple is

---

[1] This is Evolved's third attempt to avoid liability for its abusive licensing conduct by asserting that the harm Apple suffered as a result of Evolved's breach is legally insufficient to support a claim for breach of contract. (*See* D.I. 31, Evolved's Motion for Judgment on the Pleadings and Motion to Strike; D.I. 221, Evolved's Motion for Summary Judgment on Apple's FRAND-Related Counterclaim and Affirmative Defenses.)

3

not seeking compensatory damages. Furthermore, Apple is entitled to nominal damages even if its proof fails to justify an award of compensatory damages.[2] *See Norwood Lumber Corp. v. McKean*, 153 F.2d 753, 755 (3d Cir. 1946). An award of nominal damages would be significant because it provides the Court with a basis to grant equitable remedies for Evolved's breaches. *See, e.g., Qualcomm,* 548 F.3d at 1021-22 (affirming, in part, decision holding patents unenforceable as result of patent-owner's breach of contractual obligation to standard-setting organization). In any event, as mentioned above, Evolved's motion *in limine* is not the proper vehicle to ask the Court to weigh the sufficiency of the evidence. *Bradley*, 913 F.2d at 1069-70.

For all of these reasons, Apple respectfully requests that the Court deny Evolved's Motion *In Limine*.

---

[2] For example, the district court in *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, C.A. No. 6:12-cv-00100-JRG-JDL (E.D. Tex.) ("*Core Wireless*") allowed Apple to proceed on a theory of nominal damages at trial of a similar breach of contract counterclaim. (*See* Acquista Decl., Ex. 2, Jury Verdict in *Core Wireless*, ECF 399 at 8-9; Acquista Decl., Ex. 3, Final Jury Instructions in *Core Wireless*, ECF 428 at 68:12-69:13 (Judge Gilstrap instructing the jury on Apple's breach of contract claim that "[i]f you find that Core Wireless breached its contractual obligations and Apple was harmed as a result, you must award nominal damages. Nominal damages must be greater than zero but may not exceed $1.").)

4

OF COUNSEL:

Michael D. Jay
Nandan R. Padmanabhan
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel:  (310) 595-3000

Mark D. Fowler
DLA PIPER LLP (US)
2000 University Ave.
East Palo Alto, CA 94303
Tel:  (650) 833-2000

Susan N. Acquista
Jacob Anderson
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101
Tel:  (619) 699-2700

Dated:  February 15, 2019
6087583 / 42622

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:   */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

*Attorneys for Defendant Apple, Inc.*