IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | Civil Action No. 15-542-JFB-SRF |
| APPLE INC., | ) ) ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | Civil Action No. 15-543-JFB-SRF |
| HTC CORPORATION and HTC AMERJCA, INC., | ) ) ) ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | Civil Action No. 15-544-JFB-SRF |
| LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY, | ) ) ) ) ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| V. | ) | Civil Action No. 15-545-JFB-SRF |

| | )  | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD. | ) | |
| and SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-546-JFB-SRF |
| | ) | |
| ZTE (USA) INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-547-JFB-SRF |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| MICROSOFT MOBILE OY and | ) | |
| NOKIA INC., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

This matter is before the Court on the following motions in limine: defendant Apple Inc.'s ("Apple") motion in Limine No. 1 to exclude irrelevant and prejudicial unrelated matters involving Apple (D.I. 409 in 1:15cv542); defendants Apple Inc.'s, Samsung Electronics America Inc.'s, and Samsung Electronics Co. Ltd.'s ("Samsung") joint motion

in limine (D.I. 411 in *Evolved Wireless, LLC ("Evolved") v. Apple*, 1:15cv542 and D.I. 403 in *Evolved v. Samsung,* 1:15cv545); and plaintiff Evolved's motion in limine (D.I. 415).[1]

I.  **LAW**

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence. *Id.*

"Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000); *see also Leonard v. Stemtech Health Scis., Inc.,* 981 F. Supp. 2d 273, 276 (D. Del. 2013) (noting that evidentiary rulings, especially those that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context).

II.  **DISCUSSION**

    A.    Apple's Motion in Limine To Exclude Irrelevant and Prejudicial Unrelated Matters Involving Apple (D.I. 409)

---

[1] All docket items ("D.I.") refer to Civil Action No. 15-542-JFB-SRF unless otherwise stated.

Apple seeks exclusion of evidence of alleged past misconduct and the alleged poor character of Apple or Steve Jobs as irrelevant and unfairly prejudicial. Defendants state that Apple's motion is specific to an exhibit produced in this litigation—an excerpt of a PBS documentary titled "Triumph of the Nerds" featuring Apple's co-founder Steve Jobs. In the documentary, Mr. Jobs states that "[Apple] ha[s] always been shameless about stealing great ideas." Apple also seeks exclusion of prior unrelated litigations, investigations or accusations involving Apple or Mr. Jobs, arguing the evidence is irrelevant, unfairly prejudicial and may confuse the jury. The court grants the defendant's motion in limine to the PBS documentary excerpt.

Regarding other unspecified evidence characterized as "Apple-bashing," evidentiary rulings "that encompass broad classes of evidence should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Hologic*, No. 15-1031-JFB-SRF, D.I. 452 at 1. Apple's failure to specify the evidence or testimony to be excluded means deny without prejudice to reassertion.

In regards of reputation for litigiousness – it will be necessary to introduce evidence of Apple's prior litigation to explain the risk-adjusted purchase price, as contemplated by Dr. Putnam. That risk included the possibility that Evolved Wireless would be unable to license the asserted patents to Apple absent a finding of infringement and validity following lengthy and costly litigation.

## III. DEFENDANTS' JOINT MOTION IN LIMINE (D.I. 411)

### A. <u>Motion In Limine No. 1</u>: To Preclude Evolved From Offering Evidence Regarding How Evolved Arrived At Its $0.25 Per-Device Figure

Defendants seek an order precluding Evolved from offering evidence as to the derivation of its $0.25 royalty rate in pre-suit licensing negotiations. This topic was the subject of a motion to compel and two Federal Rule of Civil Procedure 30(b)(6) depositions. Defendants contend Evolved's two designated witnesses provided no or limited meaningful information about Evolved's derivation of the $0.25 figure. Evolved asserted privilege as to much of the information about a previously-undisclosed, purported "starting-point rate." The record shows the defendants moved to compel answers after the first 30(b)(6) deposition and the magistrate judge granted the motion. Evolved designated a different 30(b)(6) witness in response to the magistrate judge's order. The defendants contend that the second witness gave a few limited answers beyond what the first witness had provided, but still failed to provide adequate testimony on the issue of the $0.25 figure. Defendants argue that Evolved again asserted privilege and work product instructions to selectively shield from discovery most aspects of Evolved's formulation of the amount. Defendants also deposed Matt DelGiorno, counsel for Evolved who had engaged in the pre-suit negotiations with the defendants, but he too refused to answer numerous questions regarding the $0.25 figure. There is no indication that the defendants moved to compel after the second 30(b)(6) deposition DelGiorno deposition.

In response, Evolved states it will not offer or rely on privileged communications. Also, it argues the defendants' motion should be denied for failing to specifically identify the evidence they seek to exclude.

The Court finds Evolved's statement, that it will not elicit testimony or present evidence on the challenged topic essentially renders the defendants' motion, moot. Evolved Wireless should be permitted to testify as to non-privileged information consistent with the deposition testimony and evidence already given in this case. The defendant's argument for a more expansive order of preclusion is unavailing because the defendants failed to move to compel at the time or to challenge the assertions of privilege. Without knowing specifically what the evidence is and what it is proffered for, the Court cannot make a determination as to the precise parameters of the admission of this evidence, if any. Accordingly, the motion will be denied at this time, without prejudice to reassertion at trial.

> B. <u>Motion In Limine No. 2</u>: Preclude Dr. Cooklev and Evolved From Arguments, Evidence, and Testimony Regarding Infringement Under the Doctrine of Equivalents

The defendants assert that Evolved did not articulate a theory of infringement under the Doctrine of Equivalents ("DOE") during fifteen months of fact discovery and two rounds of infringement contentions other than to state that the defendants infringe "either by literal infringement or infringement under the doctrine of equivalents" in their final infringement contentions. It asserts that Evolved for the first time asserted a DOE theory for the "dedicated preamble" limitation of U.S. Patent No. 7,809,373 ("the '373 Patent") in the Infringement Report of Dr. Todor Cooklev ("Cooklev Report") on May 22, 2017—more

than a month after the close of fact discovery and nearly three months after Defendants had served their Final Invalidity Contentions.

In response, Evolved contends that consistent with its Final Infringement Contentions, Evolved Wireless included an express, substantial analysis of DOE infringement in Dr. Cooklev's opening expert report, and the defendants' experts rebutted Dr. Cooklev's analysis in their responsive reports. Also, the defendants also deposed Dr. Cooklev on this issue.

This issue is addressed in the Court's order on the defendants' motion for a summary judgment of noninfringement. The Court finds Evolved sufficiently put the defendants on notice of its theories of infringement under the doctrine of equivalents. The defendants have not demonstrated prejudice as a result of any untimely disclosure. The Court finds the defendants' motion to preclude argument and evidence on the theory should be denied.

> C. <u>Motion In Limine No. 3</u>: To Exclude Any Testimony Regarding Evidence of, or Reference to, the PTAB'S Decision Not to Institute IPR Proceedings against the '373 Patent

Defendants expect Evolved to reference the Patent Trial and Appeal Board's ("PTAB") decision not to institute inter partes review ("IPR") proceedings against the '373 patent as evidence of validity of the '373 patent. The Court should exclude any reference to the PTAB decisions regarding the '373 patent because it is not relevant.

Evolved contends the fact the PTAB declined to institute IPR proceedings—a finding that the defendants failed to demonstrate a reasonable likelihood of invalidity under the lower standard applied by the PTAB is highly probative of validity and should be heard by the jury. It also argues the evidence is relevant to willfulness.

7

Because willfulness is no longer at issue Evolved's argument that the IPR denial is relevant to intent and state of mind is unavailing. Generally, the Court is inclined to find that because the patent office's proceeding and decision are not binding and are on appeal, the prejudicial and confusing effect of the evidence almost certainly outweighs any probative value, at least with respect to the merits. The denial to institute proceedings has no estoppel effect and the minimal probative value it may have to the validity issue is substantially outweighed by the potential for prejudice and confusion to the jury. Accordingly, the Court finds the defendants' motion in limine should be granted.

    D.    <u>Motion In Limine No. 4</u>: Exclude Any Testimony Or Declarations From Any LG Electronics Witness

The defendants move to preclude certain evidence that relates to the 1993 licensing agreement as amended between LGE and Qualcomm that is the subject to the Court's memorandum and order on affirmative defenses. The defendants argue it should be precluded in light of Evolved's alleged failure to produce the agreements and Evolved argues that if the Court allows the defendants to present parol evidence regarding the agreements, the Court should allow LGE's testimony to rebut Defendants' flawed theory that they are entitled to a covenant not to sue on the '373 patent.

The Court finds the motion is premature at this time as it relates to issues that will be determined by the Court at a bench trial following the trial to the jury of infringement and invalidity issues.

    E.    <u>Motion In Limine No. 5</u>: To Exclude Irrelevant Evidence of Financial Resources and Size, as Well as Unfairly Prejudicial Dollar Amounts of Sales of Accused Products

Defendants seek to exclude information that relates to the defendants' net worth, revenues, and market capitalization. They contend such evidence is largely irrelevant

and its probative value is outweighed by the danger of prejudice to the defendants.

Evolved contends that the defendants' financial information, such as relative size, net worth, volume of sales, and market capitalization, are factors that would have been relevant to the parties at any hypothetical negotiation. Moreover, such information is relevant to calculating a lump sum royalty, which the defendants contend is an appropriate damages award. Evolved states it will not seek to introduce evidence of the defendants' total profits or revenue, unless the defendants open the door by arguing for a lump sum damages award.

The Court is inclined to agree with the defendants that the probative value of the evidence is outweighed by the danger that the jury might set damages on ability to pay rather than proper evidence of damages. The dismissal of the willfulness claim lessens the probative value of the evidence. That said, the evidence may be relevant to issues relating to the hypothetical negotiation, depending on the expert testimony. However, without a full record before it, the Court is unable to evaluate the merit of the defendants' motion in the context. The motion will nevertheless be granted at this time, but the court may reconsider the motion on an appropriate showing of foundation and relevance, as balanced against prejudice.

    F.    <u>Motion In Limine No. 6</u>: Preclude Evolved from Relying on Documents Produced and Fact Testimony Disclosed More Than a Year after the Close of Fact Discovery

Defendants move to preclude Evolved from relying on any documents that Evolved produced more than a year after discovery closed. A certification document signed by J. Brad Berkshire is related to this motion and is the subject of an issue identified as an additional matter in the parties proposed pretrial order. D.I. 448, Proposed Pretrial Order at 36. Apple contends Berkshire was not identified in Evolved's fact witness disclosure

9

served on September 25, 2017 but was included in the trial witness list attached to the Proposed Pretrial Order.  *Id.* at Ex. 8.

In response, Evolved states that Mr. Berkshire's testimony would be limited to authenticating some of the documents that are the subject of Apple's Motion in Limine No. 6.  If Apple is willing to stipulate to the authenticity of such documents, without waiving its other objections, then Evolved Wireless would withdraw Mr. Berkshire as a witness.

Evolved argues the defendants' position fails to acknowledge Evolved's continuing duty to supplement discovery under the Federal Rules and misapplies the Third Circuit's "Pennypack factors" to determine prejudice.  It argues that the defendants have taken no efforts to cure any prejudice occasioned by the allegedly tardy disclosure in the time since the supplemental disclosure.

It appears to the Court that this motion may be mooted by proceedings presently pending before the Magistrate Judge on various discovery issues.  The Court cannot define the relevance of the challenged evidence to the remaining issues in the litigation in the context of a pretrial motion.  Further, the Court is unable to assess the relative levels of gamesmanship that may have occurred with respect to this disputed evidence.  Accordingly, the motion will be denied at this time without prejudice to reassertion at trial.  The evidence will not be admitted absent a showing of proper foundation and relevance.

IV.  **PLAINTIFF EVOLVED WIRELESS, LLC'S ("EVOLVED") MOTION IN LIMINE (D.I. 415)**

    A.  <u>Motion in Limine No. 1</u>:  To Exclude Evidence and Argument Related to Sales of Unaccused Products or Accused Products Outside the United States

Evolved moves to preclude the defendants' experts from relying on third-party forecasted worldwide sales data for products compatible with LTE networks, arguing that certain of their opinions should thereby be precluded.

In response, the defendants argue that Evolved's motion is based on an erroneous assumption. They state their experts' opinions on damages for alleged infringement of the patents-in-suit are properly based only on actual domestic sales of accused products. The defendants agree with Evolved that it is statutorily limited to recovering damages only for infringement that occurs in the United States and that concerns the accused products. It also states, however, that the evidence Evolved seeks to preclude relates solely to the defendants' experts' opinions concerning the affirmative defenses and counterclaims of breached of the FRAND commitment.

The defendants' concession as to opinions on infringement damages makes the motion effectively moot. To the extent the parties' dispute these issues with respect to breach of FRAND agreement damages, the Court finds the motion is premature at this time. The breach of FRAND obligation issue will be tried to the Court at, or after, the conclusion of the jury trial and the court will address the motion at that time.

    B.    <u>Motion in Limine No. 2</u>: To Exclude Evidence and Argument Related to Alleged Royalty Stacking

Evolved moves to exclude evidence and argument related to any alleged "royalty stack," contending that the defendants have not presented specific evidence to support an argument that they are actually faced with a royalty stack problem. It argues that under controlling Federal Circuit precedent, evidence or argument regarding a royalty stack is irrelevant and should be excluded. See *Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1234 (Fed. Cir. 2014) ("The district court need not instruct the jury on hold-up or stacking

unless the accused infringer presents actual evidence of hold-up or stacking. Certainly, something more than a general argument that these phenomena are possibilities is necessary").

In response, the defendants argue that the plaintiff's motion is a *Daubert* motion masquerading as a motion in limine. The defendants argue their experts discuss royalty stacking only as context for the hypothetical negotiation, not as the basis for any particular royalty.

The Court finds the Evolved's motion is largely mooted by the Court's ruling on the parties' Daubert motions. To the extent the motion has any merit, Evolved's concerns can be a matter for cross-examination, appropriate objection at trial and limiting or cautionary instructions. The Court will instruct the jury on stacking only if there is actual evidence that supports such an instruction. Accordingly, the motion will be denied at this time without prejudice to reassertion.

    C.    <u>Motion in Limine No. 3</u>:    To Exclude Evidence and Argument Related to Defendants Being "Locked-In" or to "Patent Hold-Up"

Evolved moves to exclude evidence and argument that it purportedly seeks to extort an unreasonable royalty from the defendants by virtue of their being "locked in" to complying with the LTE standard—a theory referred to by the defendants and their experts as "patent hold up." Evolved contends that the defendants have not presented any evidence to support being "locked in" or to support an allegation of patent "hold up."

The defendants again charge that the plaintiff asserts an improper Daubert motion in the guise of a motion in limine. They contend that courts have recognized that these concepts are important to consider in cases involving SEP patents because the trier-of-fact must separate the value of the asserted patent from the value of the technology

12

standard when calculating an appropriate FRAND rate. *See*, e.g., *In re Innovatio IP Ventures, LLC Patent Litig.*, C.A. No. 11 C 9308, 2013 WL 5593609, at *9 (N.D. Ill. Oct. 3, 2013) ("The court's RAND rate therefore must, to the extent possible, reflect only the value of the underlying technology and not the hold-up value of standardization"); *Microsoft Corp. v. Motorola, Inc.*, C.A. No. C10-1823JLR, 2013 WL 2111217, at *12 (W.D. Wash. Apr. 25, 2013) ("In the context of a dispute concerning whether or not a given royalty is RAND, a proper methodology used to determine a RAND royalty should therefore recognize and seek to mitigate the risk of patent hold-up that RAND commitments are intended to avoid").

The Court addressed this issue in connection with ruling on the parties' Daubert motions. The Court found generally that the challenges to the testimony went to the weight and not the admissibility. Accordingly, the Court finds the motion should be denied as moot. Evolved has not shown that categorical exclusion of such evidence or argument is appropriate. Accordingly, the motion will be denied.

> D. <u>Motion in Limine No. 4</u>: To Exclude Evidence and Argument Related to a Lump Sum Damages Award that would Provide Unfettered Rights to Practice the Asserted Patents

Evolved contends evidence involving lump sum licenses covering all future sales of LTE compliant, and therefore infringing, products is highly speculative and would confuse and mislead the jury and moves to exclude it under Federal Rule of Evidence 403. It asserts that the defendants' experts opine that the preferences of the parties at a hypothetical negotiation would have been to negotiate a lump sum agreement, where that lump sum agreement would give Defendants freedom to operate for the life of the patents.

The defendants again assert that Evolved is unabashedly raising a *Daubert* motion. The Court agrees and finds the issues were resolved in the ruling on the parties'

13

*Daubert* motions. Further, the defendants again assert that the plaintiff's objections to consideration of product sales outside the United States are based on a misunderstanding of the defendants' experts' positions. The Court finds Evolved's motion should be denied.

> E. <u>Motion in Limine No. 5</u>: To Exclude Evidence and Argument Related to a Potential Injunction

The fact that Evolved has sought injunctive relief against Defendants is central to Defendants' counterclaims and affirmative defenses that Evolved breached its contractual FRAND obligation. That evidence is relevant to issues that will be tried to the court. Accordingly, the motion will be granted at this time.

> F. <u>Motion in Limine No. 6</u>: To Exclude Evidence and Argument Related to Patent Trial and Appeal Board Final Written Decisions

This issue is relevant only to issues that will be argued to the Court. The matter is addressed in the Court's earlier order. Injunctive relief is an equitable remedy and is irrelevant to issues before the jury. The nature and extent of its relevance to breach of FRAND issues can be addressed at a later time, in conjunction with the bench trial. Accordingly, the Court finds Evolved's motion should be granted with respect to proceedings before the jury and denied without prejudice to reassertion in the bench trial.

> G. <u>Motion in Limine No. 7</u>: To Exclude Redacted Versions of any LGE/Qualcomm Agreements

This matter is relevant only to issues that will be tried to the Court. The Court finds the motion should be granted with respect to the jury trial and denied as premature as to the bench trial.

H.  Motion in Limine No. 8: To Exclude Evidence and Argument Related to U.S. Patent No. 8,219,097

This relates to the issue of the "dedicated preamble" language. The Court has declined to amend or to perform additional claim construction. The Court is inclined to believe that the '097 patent is a red herring and should be excluded as irrelevant. The Court also agrees that any relevance is outweighed by potential confusion. Nevertheless, it is difficult to rule on the motion in a pretrial motion. The Court addressed the issue in other orders and finds the motion in limine should be denied at this time without prejudice to reassertion regarding evidence that is in conformity with the court's claim construction.

I.  Motion in Limine No. 9: To Exclude any Non-Produced Evidence and Argument Regarding Licenses or License Negotiations

This motion also relates to issues that will be tried to the Court. It will be granted with respect to the jury trial and denied as premature in connection with the bench trial. The motion is also related to the submission of additional evidence regarding the licensing agreements that can be taken up at a later date.

J.  Motion in Limine No. 10: To Exclude Evidence and Argument Related to Defendants' Own Specific Patents Related to LTE Technology

Evolved contends that evidence of the defendant's own specific LTE patents is irrelevant to any issues the jury is to decide in these cases. Also, it asserts that even if there is any probative value, the risk of misleading the jury and unfairly prejudicing Evolved Wireless substantially outweighs the probative value of Defendants' patents—none of which are asserted as prior art in these cases.

Defendants contend they are not asserting that their ownership of LTE patents is relevant to infringement or validity, but they argue that their ownership of LTE patents that relate to Evolved patents is directly relevant to damages to rebut any suggestion that the

15

patents-in-suit cover a large portion of the LTE patent space, such as handovers, leading the jury to overvalue the patents, or to rebut any suggestion that Evolved's patents cover all or most of the LTE handover field.

The existence of one's own patent is not a defense to infringement. It is irrelevant to the issue of infringement. Whether it may be relevant to rebut certain damages evidence depends on the evidence adduced at trial. The Court cannot make that determination at this time. The evidence would almost certainly warrant a limiting instruction, but the Court cannot determine the ambit of any such instruction at this time. Accordingly, the Court finds the motion should be denied at this time, without prejudice to reassertion.

K. <u>Motion in Limine No. 11</u>: To Exclude Evidence and Argument that Qualcomm Is or Should Be the Correct Defendant

In its motion, Evolved asks the Court to exclude evidence and argument that Qualcomm is the proper defendant in these cases, that Evolved Wireless should have accused Qualcomm of infringing the patents-in-suit, or that Qualcomm's patents insulate Defendants from liability. The evidence and argument that Evolved seeks to preclude goes to issues of affirmative defenses that are to be tried to the Court. This evidence is not relevant to this issues for the jury. The court will grant the motion as it relates to the jury trial.

L. <u>Motion in Limine No. 12</u>: To Exclude Evidence and Argument Referring to Evolved Wireless with Pejorative, Derogative, or Negative Terms.

The defendants do not oppose this motion as it pertains to truly pejorative terms like "troll," "patent troll," or "playing the litigation lottery." They contend, however, that they should not be precluded from using neutral terms like "non-practicing entity." The Court

16

agrees with defendant's concession. The motion is granted as it relates to pejorative terms but not for neutral terms.

  M. <u>Motion in Limine 13</u>: To Exclude Evidence and Argument Related to Damages Allegedly Suffered as a Result of Evolved Wireless's Alleged Breach of "FRAND" Obligations.

This motion relates to matters that are to be tried to the Court. It will be granted as to the jury trial and denied as premature in connection with the bench trial.

  IT IS ORDERED:

  1. Defendant Apple Inc.'s ("Apple") motion in Limine No. 1 to Exclude Irrelevant and Prejudicial Unrelated Matters Involving Apple (D.I. 409) is granted in part and denied in part as set forth in this memorandum and order.

  2. Apple's Joint motion in limine (D.I. 411) is granted in part and denied in part as set forth in this memorandum and order.

  3. Plaintiff Evolved Wireless, LLC's ("Evolved") motion in limine (D.I. 415) is granted in part and denied in part as set forth in this memorandum and order.

  DATED this 7th day of March, 2019.

          BY THE COURT:

         <u>s/ Joseph F. Bataillon</u>
         Senior United States District Judge