IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|                                   |     |                                      |
|-----------------------------------|-----|--------------------------------------|
| EVOLVED WIRELESS, LLC,            | )   |                                      |
|                                   | )   |                                      |
|                  Plaintiff,       | )   |                                      |
|                                   | )   |                                      |
|         V.                        | )   | Civil Action No. 15-542-JFB-SRF      |
|                                   | )   |                                      |
| APPLE INC.,                       | )   |                                      |
|                                   | )   | MEMORANDUM and ORDER                 |
|                  Defendant.       | )   |                                      |

_____

This matter is before the Court on defendant Apple's Post-Trial motion to dismiss, without prejudice, its invalidity counterclaim as to U.S. Patent No. 7,809,373 (the "'373 Patent") and its defenses of license and patent exhaustion. D.I. 526. Plaintiff Evolved Wireless agrees with Apple that the Court should dismiss without prejudice Apple's invalidity counterclaim as to the '373 Patent but opposes Apple's alternative request to dismiss its license and exhaustion affirmative defense without prejudice (D.I. 535).[1]

Following an eight-day trial, the jury returned a verdict that Apple: (1) did not, and does not, literally infringe the '373 patent; (2) did not, and does not, infringe the '373 patent under the doctrine of equivalents; and (3) did not, and does not, literally infringe U.S. Patent No. 7,881,236 ("the '236 patent"). D.I. 520. The jury, however, did not reach the issue of invalidity and Apple did not present its license and exhaustion defense, pursuant to the Court's order denying the parties' cross-motions for summary judgment (D.I. 468 at 21).

---

[1] The parties have stipulated to the dismissal of the invalidity defense (D.I. 533) and the Court will enter an order on that stipulation.

In denying the summary judgment motions, the Court stated that the license defense would be addressed, if necessary, in a bench trial at some point following the jury trial, noting, however,"[t]here may be no need for the Court to address [the license and exhaustion defense under] the License Agreement if the defendant prevails on either infringement or invalidity." D.I. 468 at 20. Evolved Wireless contends that Apple's license defense should either be denied as a matter of law (*see* D.I. 346, 487) or set for a bench trial on the merits. It states that the same license defense has been raised in Evolved Wireless's patent infringement actions against other defendants.

The Court agrees with Apple that the defenses are presently moot and may never need to be decided. The relief that Apple requests is a dismissal without prejudice. The license and exhaustion defenses could be reasserted if Evolved Wireless prevails on appeal and the jury's verdict of non-infringement is set aside. At this juncture, the Court sees no reason to proceed with what could be an unnecessary endeavor.

The assertion of the defense in the other cases will have to be addressed in those cases. It may be that if the defendants in the related actions, like Apple, prevail at trial on infringement and/or invalidity, the patent license and exhaustion defense would not  need to be resolved in those actions either. Accordingly,

IT IS ORDERED:

1.      The defendant's motion for posttrial relief (D.I. 526) should be granted;

2.      The defendant's invalidity counterclaim with respect to U.S. Patent No. 7,809,373 is dismissed, without prejudice.

2

3.      The defendant's defenses of license and patent exhaustion (D.I. 526) are

dismissed, without prejudice.


DATED this 9th day of August 2019.

                                        BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Senior United States District Judge