IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| Plaintiff, | ) | |
| V. | ) | Civil Action No. 15-542-JFB-SRF |
| APPLE INC., | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

This matter is before the Court on plaintiff Evolved Wireless, LLC's ("Evolved") renewed motion for judgment as a matter of law ("JMOL") and motion for a new trial. D.I. 528.

This action was tried to a jury from March 26, 2019, to April 3, 2019, on issues of infringement and invalidity of the U.S. Patent No. 7,809,373 (the "'373 Patent") and U.S. Patent No. 7,881,236 (the "'236 Patent") and damages. The jury returned a verdict of noninfringement of both the '373 Patent and the '236 Patent, and did not reach the questions of validity or damages. D.I. 519.

I.  BACKGROUND

Evolved contends that the evidence presented at trial does not establish a legally sufficient evidentiary basis under which a reasonable jury could have found noninfringement for either asserted patent. It contends that the evidence in this case only supports a finding of infringement. Alternatively, it moves for a new trial based on various erroneous evidentiary rulings, contending it was improperly prevented from evidence of defendant Apple Inc.'s ("Apple") prior inconsistent acts and statements. It also argues

1

that Apple's expert was improperly allowed to argue claim construction to the jury and challenges the Court's actions with respect to evidence of licensing agreements.

Apple, on the other hand, contends there is ample evidence to support the jury's findings. Further, it argues that Evolved has not shown that evidentiary errors, if any, affected Evolved's substantial rights.

II. Law

The law of the regional circuit—here the Third Circuit—governs the standards for deciding a motion for judgment as a matter of law ("JMOL") under Federal Rule of Civil Procedure 50(b) and for a new trial under Federal Rule of Civil Procedure. *See Leader Techs., Inc. v. Facebook, Inc.*, 678 F.3d 1300, 1305 (Fed. Cir. 2012); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1355-56 (Fed. Cir. 2013). Rule 50(b) provides that "the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b).

A JMOL is appropriate when "the verdict is not supported by legally sufficient evidence." *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). "'In determining whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version.'" *Ambrose v. Twp. of Robinson,* 303 F.3d 488, 492 (3d Cir. 2002) (quoting *Lightning Lube, Inc.,* 4 F.3d at 1166); *see Simpson v. Betteroads Asphalt Corp.*, 598 F. App'x 68, 71 (3d Cir. 2015).

Under Rule 59(a), the Court may "grant a new trial on some or all of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "The district court ought to grant a new trial on the basis that the verdict was against the weight of the evidence only where a miscarriage of justice would result if the verdict were to stand." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1352 (3d Cir. 1991); *see also Springer v. Henry*, 435 F.3d 268, 274 (3d Cir. 2006). Granting a new trial and "[v]acating a verdict as being against the great weight of the evidence should occur 'only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience.'" *Brown v. Grass*, 544 F. App'x 81, 87 (3d Cir. 2013)(quoting Williamson, 926 F.2d at 1353).

Discretionary evidentiary rulings give rise to reversible error where "a substantial right of the party is affected." *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 228 (3d Cir. 2008). Whether an error was nonetheless harmless depends on "whether it is highly probable that the error did not contribute to the judgment." *Advanced Med., Inc. v. Arden Med. Sys., Inc.*, 955 F.2d 188, 199 (3d Cir. 1992)

III. DISCUSSION

The Court finds the evidence supports the jury's determination that Apple does not infringe the asserted claims of the '373 or '236 Patents. Competing evidence was presented to the jury and the jury evaluated and weighed the evidence, apparently crediting the evidence presented by Apple. Evolved has not shown that the jury's verdict is against the weight of the evidence.

Apple presented expert evidence that the Qualcomm source code for the baseband chips used in the Apple products do not meet the limitations of the asserted claims of the '373 Patent. Apple's expert, Dr. Bims, provides support for the jury's verdict. Dr. Bims testified that a "preamble" and a "preamble index" are two different things. The extensive testimony of Dr. Almalfouh, an Apple engineer who worked on the accused LTE functionality in the accused products, further supports the jury's verdict. Also, evidence adduced at trial shows the accused products do not receive a dedicated preamble from the source base station. Evolved's own expert, Dr. Cooklev, admitted many of the same facts that support Apple's position and his testimony could support the jury's verdict.

There is also evidence to support the finding that Apple does not infringe the only asserted claim of the of the '236 patent, claim 7. The evidence establishes that the accused products do not perform the claimed step of "determin[ing] whether there is data stored in the message 3 buffer when the reception module receives the uplink grant signal." There is evidence that the accused products transmit message 3 data on more than one type of uplink grant, such that data stored in the message 3 buffer is not sent to the base station only when using the uplink grant received on the random-access response message. Again, the Qualcomm source code, together with Dr. Bims's and Dr. Almalfouh's testimony, support the finding of noninfringement of claim 7 of the '236 patent.

Evolved Wireless is attempting to reargue the facts. There was competing evidence that the jury was free to reject or discredit. That fact does not entitle Evolved to a judgment as a matter of law, nor does it establish that a new trial is necessary. The Court declines to reweigh the evidence, to make its own credibility determinations, or to

substitute Evolved's characterization of the evidence for that credited by the jury.  Further, the Court finds no error in its evidentiary rulings.  Moreover, the error, if any, did not prejudice the plaintiff's case.

For these reasons and the reasons stated on the record in ruling on the parties' Rule 50 motions at trial, the Court finds the plaintiff's motion should be denied. Accordingly,

IT IS ORDERED:

1. The plaintiff's motion for judgment as a matter of law (D.I. 528) is denied.

2. A final judgment on the jury verdict will be entered.

DATED this 9th day of August 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge